## THE STATE, EX REL. JOHN B. DAVIS ET AL., v. WILLIAM N. DAVIS ET AL.

1. A plea to an information must, as a general rule, set out the title of the respondent.
2. To an information which set out the act under which the respondents had been elected chosen freeholders had been repealed, and that their official terms had been terminated in express language by an act of the legislature, a plea was filed, stating that the respondents were elected under the repealed statute, and their terms had not expired. The plea held bad.
3. When an information is filed under the statute, without leave of the court, the right of the relator to file the information may be challenged by the respondent.
4. An information set out facts showing a valid title in the relators to the office of chosen freeholders, by virtue of appointments made to fill vacancies. The plea set out no new facts nor traversed the facts in the information, but merely denied that the relators were entitled to the offices. The plea held bad.
5. Where there is an office but no legally-qualified incumbent, there is a vacancy.

On *quo warranto*.

An information, in the nature of a *quo warranto*, was filed by certain persons who claim to be the legally-appointed chosen freeholders of the county of Camden, to test the legal right of certain other persons to exercise the functions of a board of chosen freeholders of such county. To this information, a plea has been filed. The motion is to strike out the plea.

Argued at the June Term, 1894, before Justices ABBETT and REED.

For the motion, *J. Willard Morgan.*

Contra, *Alfred Hugg.*

The opinion of the court was delivered by

REED, J. The information sets out the provisions of the statute of May 25th, 1894 (*Pamph. L., p.* 53), which statute repealed the act passed in 1892, under which act respondents were elected chosen freeholders. It also sets out the provisions of the act of May 9th, 1894 (*Pamph. L., ch. CXLV.*), which act also repeals the act of 1892, and provides a new plan for the organization of the board and for the election or appointment of its members. The information further sets out the appointment of the relators as members of the board of chosen freeholders under the provisions of the last-mentioned act.

The plea is that the respondents, or members of the old board, were elected under the act of 1892, and that their term has not expired ; that they are, and the relators are not, entitled to hold the said offices.

The plea sets out no title in the respondents, for the act of 1894 in explicit terms not only repeals the act of 1892, but further provides that the terms of office of all persons elected or appointed under the provisions of the act of 1892 are terminated.

So, conceding the constitutionality of the act of 1894—and it is not questioned in this case—the terms of office of the members of the old board were extinguished when the act of 1894 went into effect. *City of Hoboken* v. *Gear,* 3 *Dutcher* 265 ; *Love* v. *Jersey City,* 11 *Vroom* 456.

The plea fails to show any title in the respondents, and the ordinary rule is that such title must be exhibited or the plea is bad. *High Extr. Rem.,* § 712 ; *Com. Dig., Quo War., tit. "Plea ;" State* v. *Utter,* 2 *Gr.* 84.

In instances where the information is filed by the attorney-general, or by leave of this court, this failure to set out a title in the respondent would be conclusive against the plea.

But the present information is not so filed, but is filed under color of section 1 of the act of 1884. *Rev. Sup., p.* 819. This section provides that it may be lawful for any citizen

who believes himself lawfully entitled to an office alleged to be unlawfully held by another, to file an information.

It is perceived that the statute strips the court of its discretionary power over the allowance of the information in one instance only, namely, where the relator himself claims the office. In all other cases, although the relator's interest, by reason of his citizenship, or his liability for taxes, or other causes, may entitle him to stand as relator, the discretionary power of the court over the institution of the proceeding, to be exercised in view of the public interests, is reserved.

It could not have been the legislative intent to permit a person who files an information as a claimant of an office to recover a judgment of ouster, although it may be that such claimant has no title whatever, and the public interests will be injuriously affected by such ouster.

In this class of informations, I think the respondent may challenge the right of the relator to file his information. Whether the method of interposing this objection should be by motion to quash the writ, or by a plea in abatement of the writ, need not now be decided. Nor, if it can be objected by plea, need it be decided whether this plea is in form for that purpose. For if it be assumed that the right of the relators is brought in question by the plea in the present case, it appears beyond all manner of doubt, from the information, that the standing of the relator is unassailable.

The facts set out in the information show that the relators are the legal appointees to the offices now in dispute. These facts are the following : An act of 1894 (*Pamph. L., p.* 248) provides for an election of a member of the board of chosen freeholders in each ward and township and in each borough possessing complete autonomy of local government, in the manner provided for municipal and township elections. This act took effect on May 9th, 1894. The time for municipal and borough elections for that year had then passed. On May 25th, 1894, the act terminating the terms of the old members of the board went into effect. After that date, the old members being *functus officii,* and no one having been

elected to membership in the board under the act of May 9th, 1894, there were offices and there were no legally-qualified incumbents. This constituted a vacancy. *Mech. Pub. Off.*, § 125; *State* v. *Stocking*, 7 Ind. 329; *Am. & Eng. Encycl. L.*, vol. 19, p. 430.

Now, the act of May 9th, 1894, provides, in section 5, that the board of aldermen or council in any city, the borough council in any borough, and the township committee in any township, shall have power to fill any vacancy in these offices, and that the person so appointed shall hold the position of chosen freeholder for the unexpired term.

The relators set out in the information that, since May 25th, the various municipalities in Camden county have made appointments in conformity with this provision of the act to fill such vacant offices, and that the relators are such appointees.

Conceding the accuracy of the facts set out in the information, as the plea does, there is no substance in the defence set up, and the plea must be struck out.