LORENZO D. TILLYER, RELATOR, v. FREDERICK W. E. MINDERMANN, INCUMBENT.

Argued November 6, 1903—Decided February 23, 1904.

1. Under the first section of the revised "Act relating to informations in the nature of a *quo warranto*" (*Pamph. L.* 1903, *p.* 375), the granting of leave to file an information in the name of the attorney-general is not a matter of course, but rests in the sound discretion of the court.
2. On application made under the first section of the act (*Pamph. L.* 1903, *p.* 375), the fact that the relator himself claims title to

the office in question is not a controlling circumstance in favor of granting leave, since the fourth section of the act gives him the right to file an information in his own name if he believes himself lawfully entitled.

3. Under the circumstances of this case, leave to file an information in the name of the attorney-general is denied.

On rule to show cause why leave should not be granted to file an information in the nature of a *quo warranto* in the name of the attorney-general.

Before Justices FORT and PITNEY.

For the relator, *Willard W. Cutler*.

For the defendant, *Benjamin W. Ellicott* and *John B. Vreeland*.

The opinion of the court was delivered by

PITNEY, J. The relator, claiming to be entitled to the office of town clerk of the town of Dover, procured a rule to show cause why leave should not be granted to him to file an information in the nature of a *quo warranto,* in the name of the attorney-general, against the defendant, Mindermann, the incumbent of that office, in order to test the validity of the incumbent's title thereto. The application is made under section 1 of the revised "Act relating to informations in the nature of a *quo warranto*" (*Pamph. L.* 1903, *p.* 375), which corresponds in substance (so far as present purposes are concerned) with the first section of the act of March 17th, 1795. *Gen. Stat., p.* 2632.

Under this section the granting of such an application is not a matter of course, but rests in the sound discretion of the court. *State, Miller, pros.,* v. *Ulter,* 2 *Gr.* 84; *State, Mitchell, pros.,* v. *Tolan,* 4 *Vroom* 195; *Bolton* v. *Good,* 12 *Id.* 296; *Roche* v. *Bruggemann,* 24 *Id.* 122, 125; *Miller* v. *Seymour,* 38 *Id.* 482.

Prior to the act of 1884 (*Pamph. L., p.* 320; *Gen. Stat.,*

*p.* 2633) the fact that the applicant himself claimed title to the disputed office operated strongly in moving the court to allow the information to be filed. But by the terms of that act a *bona fide* claimant was permitted, as matter of right, to institute the procedure in his own name. *Davis* v. *Davis,* 28 *Vroom* 80; *Roberson* v. *Bayonne,* 29 *Id.* 325, 329; *Manahan* v. *Watts,* 35 *Id.* 465, 468.

The same provision, in substance, is found in section 4 of the present revision. *Pamph. L.* 1903, *p.* 377. Therefore the circumstance that Mr. Tillyer claims title to the office now in question is not controlling upon the present application.

The charter of Dover (*Pamph. L.* 1869, *p.* 1161, § 7) provides that the town clerk and other subordinate officers of the municipal government shall hold office only during the pleasure of the common council. The evidence taken in this case, pursuant to rule, shows that the usual, if not invariable, custom has been for the common council, upon organizing in the month of May in each year (shortly after the annual charter election), to select their clerk and other officers, presumably to hold office during the pleasure of the council. The relator was chosen as town clerk on May 13th, 1901, and again on May 12th, 1902. On each occasion he qualified and took office, serving in that capacity until May 11th, 1903. On the latter date, against his protest, the council, in choosing officers pursuant to the custom, elected the incumbent to the office of town clerk, and the latter forthwith qualified and entered upon the duties of the office.

Relator invokes two acts of the legislature as establishing an official term of three years for the town clerk in all incorporated towns in this state. Each of these acts is entitled "An act respecting the term of office of the collector of taxes, town assessor and town clerk in towns." One was approved March 9th, 1896, the other March 23d, 1900. *Pamph. L.* 1896, *p.* 55; *Pamph. L.* 1900, *p.* 480. For reasons given in the opinion just delivered in the case of Vreeland *v.* Pierson, we doubt whether the act of 1896 can be properly construed as modifying the charter of Dover, but are of the opinion that

the act of 1900 is valid and has the effect of modifying the charter. Nevertheless, in the exercise of the discretion of the court, we have concluded that the present application should be denied, for the following reasons:

*First.* The evidence renders it clear that on each occasion when the relator was chosen as clerk, and at all times prior to May, 1903, the common council and the relator, and all others concerned, acted in entire ignorance of the acts of 1896 and 1900, or at least in ignorance of any effect of those acts in modifying the charter of Dover. It was supposed by all, upon relator's appointment in 1901, and again in 1902, that he would serve during the pleasure of the council, or at most not longer than a year under either appointment. So far as appears, the acts of 1896 and 1900 were first brought to the attention of the council at the meeting of May 11th, 1903. It is by no means to be presumed that relator would have been chosen as clerk had it been understood that, instead of holding the office subject to removal by the council at any time, he would hold it for three years without power on the part of council to remove him. At the time of his removal, in May last, he had enjoyed the office and its emoluments for the utmost period that was contemplated at the time of his appointment.

*Second.* It may be doubted whether, under the circumstances, relator is not estopped from claiming any longer term than was in contemplation when he was appointed. If not, it is because the statute of 1900, by its mere force, operated to override the intent of the parties. The situation thus created does not appeal strongly to the discretion of the court.

*Third.* If relator is entitled to claim the benefit of the act of 1900, its effect must relate to the time of his first appointment, in 1901, and his three-years' term would expire in May next. The *quo warranto* proceedings, if contested, could hardly be brought to a conclusion before that time. His learned counsel, it is true, suggests an ingenious theory which, if accepted, would enable relator to date the commencement

of his three-years' term from the time of his *second* appointment, in 1902, thus: His predecessor was first appointed clerk in May, 1899, and reappointed in May, 1900, serving until the time of relator's first appointment. · By force either of the act of 1896 or of 1900 it is assumed the predecessor's term was in law extended until May, 1902, during the last year of which the relator is supposed to have been serving the unexpired term of his predecessor. Result: The relator's present term is said to commence in May, 1902, on which basis it would not expire until 1905. But this theory rests so entirely upon legal fictions as to be untenable. At the time of relator's first appointment, in 1901, his predecessor retired. What was *intended* at that juncture was, a "removal at pleasure of council" under section 7 of the charter. Applying (in favor of relator) the provisions of the act of 1900, the transaction must be deemed a resignation by his predecessor, accepted by the council. Thereupon the same statute took effect upon relator and entitled him to a term of three years from the time of *his* election. The act says nothing of unexpired terms. On the other hand, supposing relator to have entered upon a three-years' term in 1901, he cannot treat his reappointment, one year later, as a resignation of his unexpired term and the commencement of a new term of three years. To permit this would enable an officer in such case to nullify the statutory limitation and indefinitely extend his term by choosing favorable times to resign and secure reappointments. *Coutant v. People,* 11 *Wend.* 511; *Bolton v. Good,* 12 *Vroom* 296, 298; *Bird v. Johnson,* 30 *Id.* 59, 61.

*Fourth.* No public interest would be subserved by granting leave to the relator to file an information in the name of the attorney-general. On the contrary, it is plain from the evidence that the public business has already been much incommoded by the pendency of this controversy. Further litigation ought not to be encouraged.

For these reasons the application is denied and the rule to show cause discharged, with costs.