LINCOLN A. VIRTUE, RELATOR, v. CIVIL SERVICE COM-
MISSION OF NEW JERSEY, RESPONDENT.

Submitted December 1, 1921—Decided February 21, 1922.

1. A business manager, appointed by the board of education of any
   municipality which has adopted the Civil Service act of the state,
   is not the head of a department entitling him to be placed in the
   unclassified or exempt class by the civil service commission of
   the state, and, therefore, his deputy, appointed by the board of
   education, is not entitled to be placed in the unclassified service
   because he is a deputy, or an assistant of a principal executive
   officer authorized by law to act generally for and in place of his
   principal, to which the law limits the right to exemption from a
   civil service examination of any deputy.
2. Even if the business manager was the head of a department,
   there is no authority in law authorizing the appointment of a
   deputy manager to act generally for his principal, which is the
   only statutory reason for placing a deputy in the unclassified
   service.

On rule to show cause why a *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relator, *Spaulding Frazer.*

For the respondent, *Thomas F. McCran*, attorney-general.

The opinion of the court was delivered by

BERGEN, J. The relator holds a rule to show cause why a
writ of *mandamus* should not issue to compel the respondent
to certify for payment the salary of relator as deputy assistant
of the business manager of the Newark school district, the
respondent claiming that relator is a person within the classi-
fied service of the state and subject to the civil service ex-
amination required by law. The relator refuses to take the
examination on the ground that he should be placed by re-

spondent within the classified, or exempt class, and, therefore, not required to submit to such examination. A former attorney-general was of opinion that the business manager was the head of a department and entitled to be placed in the unclassified service, and that advice was complied with. The present attorney-general questions that ruling and now submits the question whether the business manager is entitled to be so classified, and urges that he is not entitled to exemption, and if not, the relator, as his deputy, has no such right.

The Civil Service act (*Pamph. L.* 1918, *p.* 244) provides that the unclassified service shall include "all superintendents of, teachers and instructors in the public schools, * * * county superintendents and members of all boards of education," and that the classified service shall include all persons in the paid service of the state or the municipalities thereof that may adopt the act. Newark has adopted the act. Therefore, in dealing with school employes a business manager was not expressly included in the unclassified service, and unless he is a head of a department is not entitled to be placed in the unclassified service. In 1914 (*Pamph. L., p.* 82) the thirteenth section of the Civil Service act was amended to include in the exempt class "the deputy or first assistant of principal executive officers authorized by law to act generally for and in place of his principal." So, if the business manager is not a principal executive officer his deputy is not exempt. The power of the board of education to appoint a business manager is found in the fiftieth section of the School law (*Comp. Stat., p.* 4718), which provides that the board shall have the supervision, control and management of the public schools and public school property, that it shall appoint a person to be its secretary, and may appoint a business manager and other officers, agents and employes as may be needed, and fix their compensation and terms of employment, but that no such appointee, other than the secretary, shall be a member of the board. Section 70 provides that whenever a business manager shall be appointed he shall receive such salary as the board

shall determine, and may, by majority vote of all the members of the board, be removed from office; he shall have a seat in the board, and the right to speak, but shall not have a vote. Section 71 provides that the business manager shall have charge and care of the public school buildings, and all other property belonging to the school district, and may appoint and remove clerks in his office, but the number and salaries of such clerks shall be determined by the board of education. Section 72 provides that all plans for the improvement of school houses shall be drawn under the supervision of the business manager, but shall be approved by the board of education; that he shall supervise the construction of the school buildings and shall report monthly the condition of the work to the board, and that repairs which do not exceed $100 may be ordered by the business manager, and repairs not exceeding $500 by the committee of the board having charge of the repairs; that the business manager shall superintend all advertisements for bids and the letting of contracts, shall inspect all work done or materials furnished, and shall, "subject to the approval of the board of education, condemn any work and reject any material which, in his judgment, does not conform to the specifications." It may be that under this statute the business manager holds an office, but in our judgment it is not the head of a department; certainly he is not a principal executive officer, any more than the secretary would be whose employment was provided for by the same section He is nothing more than an employe who by this statute may be discharged by the board of education at any time by a majority vote. The statute does define certain things he may do, most of them not without the approval of the board, and his duties are merely administrative, and as under the law the relator is not a deputy or first assistant of a principal executive officer, authorized to act generally in the place of his principal, he is not entitled to be placed in the exempt class, because he is not a person described in the statute as entitled to exemption. But if we assume that the business manager is a principal

executive officer, there was no authority in law for the appointment of a deputy manager to act generally for the principal. The board of education by resolution, perhaps, undertook to confer that power, but they have no statutory authority to do so, and their power is limited to that conferred by the legislature. The only power conferred on the business manager is to employ clerks, and there is no statutory authority authorizing such business manager to delegate to one of his clerks the power to perform all his duties. If it was otherwise the board of education might denominate all their clerks or deputies to perform duties which the board of education should perform, and thereby nullify the Civil Service law. We think the board of education is the head of the educational department of Newark and that the business manager, secretary and all other employes, not expressly exempted by the statute, are subject to be placed in the classified service. It should be borne in mind that when the act was amended in 1918 (*Pamph. L.*, *p.* 244) the office or employment of a business manager had been previously provided for by the legislature, and it was very careful in fixing the exempt classification as to educational officers not to include the business manager, and certainly it did not include a deputy, except as prescribed in section 13—that is, a deputy of a principal executive officer, and in our opinion the business manager is not a principal executive officer, and, therefore, the relator is not entitled to be placed in the unclassified service for that reason.

The rule to show cause should be discharged.