BOARD OF EDUCATION OF NEWARK, IN THE COUNTY OF ESSEX, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF NEW JERSEY, DEFENDANT.

Argued November 8, 1922—Decided March 5, 1923.

1. The act (*Pamph. L.* 1911, *p.* 727) extending the provisions of the Civil Service law to school districts does not offend against article 4, section 7, paragraph 4 or paragraph 11 of the state constitution.

2. The provisions of the Civil Service law (*Pamph. L.* 1908, *p.* 241, and *Pamph: L.* 1911, *p.* 727) apply to the School law of 1903. *Pamph. L.* 1904, *p.* 5; *Comp. Stat., p.* 4741.

3. The business manager of the board of education of Newark appointed under the school laws of 1903 (*Pamph. L.* 1904, *p.* 5, ¶¶ 50, 70–72; 4 *Comp. Stat., p.* 4741) is not the head of a department within the meaning of the Civil Service law. He is subject to be put into the competitive class. *Virtue* v. *Civil Service Commission,* 97 *N. J. L.* 80, followed and approved.

4. Where there is an office but no legally qualified incumbent, there is a vacancy in the office. The office is vacant when it is without an incumbent, who has a right to exercise its functions.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Pitney, Hardin & Skinner, Charles M. Myers* and *John R. Hardin.*

For the defendant, *Thomas F. McCran,* attorney-general, and *Francis H. McGee.*

For Cephas L. Shirley, *Merritt Lane.*

The opinion of the court was delivered by

BLACK, J.  The question involved in this case is whether Cephas L. Shirley, who was appointed business manager of the board of education of Newark, dating from July 1st, 1919, under the School law, is or is not within the provisions of the Civil Service law? *Pamph. L.* 1908, *p.* 241; *Pamph. L.* 1914, *p.* 82; *Pamph. L.* 1918, *p.* 244. He was appointed business manager under the act of 1903. *Pamph. L.* 1904, *p.* 5, ¶¶ 50, 70-72; 4 *Comp. Stat., p.* 4741. The question depends upon whether he is the head of a department, within the meaning of the statute. The head of a department is not subject to the provisions of the act. After the act was passed the board of education of Newark was advised by the then attorney-general that the board was not affected by the adoption of the Civil Service law by the city of Newark. There-

after, on May 2d, 1911, the act (*Pamph. L.* 1911, *p.* 727) was passed by the legislature extending the application of the Civil Service law to all school districts of the state, but not to become effective in any school district until the same should have been adopted by the vote of the qualified voters of such school district. This statute was adopted by the school district of Newark in 1912. The case of *Virtue* v. *Civil Service Commission,* 97 *N. J. L.* 80, was decided and the opinion filed February 21st, 1922. That case held the business manager, while he may hold an office, he is not the head of a department; he is not a principal executive officer; he is nothing more than an employe of the board. Prior to that decision, the civil service commission had acted upon the assumption that the business manager was the head of a department. Then the resolution of February 28th, 1922, was passed by the civil service commission putting the position of business manager in the competitive class under the statute, and retaining the assistant business manager in the competitive class. It is this resolution that is attacked by the prosecutor, who obtained the writ of *certiorari* to have its legality tested in the courts.

The resolution is attacked as being illegal on four grounds:

The first ground of attack, in the words of the brief, is, the civil service commission has no jurisdiction over the appointment of a business manager by the board of education of Newark. The original Civil Service act (*Pamph. L.* 1908, *p.* 241) did not apply to school districts. The act (*Pamph. L.* 1911, *p.* 727) purporting to extend the provisions of the law to school districts is unconstitutional, infringing article 4, section 7, paragraph 4 of the state constitution, which provides: "Laws to embrace but one object to be expressed in the title." * * * "Act not to be made part of other acts except by incorporation in full therein." * * * "Every law shall embrace but one object, and that shall be expressed in the title." * * * "No law shall be revived or amended by reference to its title only, but the act revived, or the section or sections amended, shall be inserted at length." * * * "Any existing law, or any part thereof, shall not be made or

deemed a part of the act." * * * "Except by inserting it in such act." And, also, article 4, section 7, paragraph 11, which provides: Local or special laws shall not be passed "providing for the management and support of free public schools."

This subject has been critically examined by our courts, in many cases, under a great variety of circumstances. It would be a needless task to attempt to review them, pointing out those cases which are applicable to the present discussion. The cases are collated in 1 *Comp. Stat., p.* LXXII *et seq.* under constitution, art. 4, § 7, ¶ 11. It is difficult for us to see how the act (*Pamph. L.* 1911, *p.* 727), the single object of which, as expressed in the title, is to make the Civil Service law applicable to school districts of the state offends, either against the spirit or letter of the constitutional provisions or how the method provided for in the statute, whereby such school districts are to be brought under the Civil Service law, which recites in the body of the act, the statute to be extended and applied to all school districts, with a referendum for adoption by the qualified voters of such school districts offends, either against the spirit or letter of the constitutional provisions. It is not necessary to change the statute law in force to re-enact at length every section in the whole body of existing statutes that might be affected by the new legislation, as was said in the case of *Evernham* v. *Hulit,* 45 *N. J. L.* 57. If this constitutional provision has made it necessary to the validity of a new statute on the subject that every prior statute on the same subject which may be altered or modified should be inserted in it at length, it would be quite impossible to legislate at all on the subjects mentioned, or on kindred subjects. The case of *Bradley, &c., Co.* v. *Loving,* 54 *Id.* 227, is in point, that case held a clause declaring that a provision in an earlier law shall be applicable, without a recital of such provision is constitutional. That is precisely this case under discussion. What was said by Mr. Justice Depue, speaking for this court, in the case of *Campbell* v. *Board of Pharmacy of New Jersey,* 45 *Id.* 245, is both pertinent and instructive. He said: "An act of the legisla-

ture which is complete and perfect in itself—the purpose, meaning and full scope of which are apparent on its face— is valid, notwithstanding these constitutional provisions." So, *Evernham* v. *Hulit,* 45 *Id.* 53; *Kennedy* v. *Borough of Belmar,* 61 *Id.* 21.

Nor is the act a local or special act within the constitutional provision. It is a general act, even though it provides a rule only for such school districts as accept its terms. *Kennedy* v. *Borough of Belmar, supra; Howe* v. *Board of Education,* 72 *Id.* 158; see in this connection *Attorney General* v. *McGuinness,* 78 *Id.* 346.

This renders unnecessary a consideration or discussion of the point argued by the attorney-general that the act (*Pamph. L.* 1911, *p.* 727) was not necessary to put the school districts under the Civil Service law; the original act (*Pamph. L.* 1908, *p.* 241) being applicable and sufficient.

The second ground of attack is, the provisions of the School law of 1903 (*Pamph. L.* 1904, *p.* 5, ¶ 50), governing the appointment of a business manager of city school districts, have not been expressly or impliedly repealed, by the Civil Service act (*Pamph. L.* 1908, *p.* 241), or after the act (*Pamph. L.* 1911, *p.* 727), even if the latter act effectively extends the provisions of the Civil Service act to school districts.

The satisfactory answer to this contention is found in the scope of the opinion of Mr. Justice Kalisch, speaking for the Court of Errors and Appeals in the case of *Sullivan* v. *Mc-Osker,* 84 *N. J. L.* 380, on the application of the Civil Service law; in that case, he said, the widest range should be given to the applicability of the law. This is not a case of repeal; repeal means to rescind, to revoke, to abolish, to annul or cancel. It is a case of the application or extension of statutes, when adopted by the legal voters of a district under express legislative authority.

That class of cases, such as *Terrone* v. *Harrison,* 87 *N. J. L.* 541, which hold that implied repealers of statutes are not favored in law are not applicable to the subject in hand.

The third ground of attack is, the business manager of a city board of education under the act of 1903 (*Pamph. L.*

1904, *p.* 5, ¶¶ 5, 70-72) is the head of a department within the meaning of the Civil Service act, and by the terms of that act eliminated from inclusion thereunder by specified designation in the unclassified service of "all heads of departments."

The answer to this is found in the case of *Virtue* v. *Civil Service Commission of New Jersey,* 97 *N. J. L.* 80; the opinion was written by Mr. Justice Bergen; in that case he said the business manager, while he may hold an office, is neither the head of a department nor a principal executive officer, any more than the secretary would be whose employment was provided for by the same section. He is nothing more than an employe, who by this statute may be discharged by the board of education at any time by a majority vote. His duties are merely administrative. This language of Mr. Justice Bergen is criticised, as not being necessary to a decision of that case, and is said to be mere *obiter,* and that the question is still open in this court. Let that be as it may. We have reached the same conclusion upon the facts now before us in this record. We follow that case and approve the language of Mr. Justice Bergen on the point under discussion. We hold that the business manager of the board of education of Newark is not the head of a department within the meaning of the Civil Service law. *Pamph. L.* 1908, *p.* 241; *Pamph. L.* 1914, *p.* 82; *Pamph. L.* 1918, *p.* 244. He is subject to be put in the competitive class. See *McKenzie* v. *Elliott,* 77 *N. J. L.* 43.

The fourth ground of attack is, there was no vacancy in the office of business manager of the board of education of Newark, when on February 28th, 1922, the civil service commission by resolution changed the classification of the business manager from the unclassified to the classified service. Where there is an office, but no legally qualified incumbent, there is a vacancy. *Davis* v. *Davis,* 57 *N. J. L.* 80; 29 *Cyc.* 1400, ¶ 3. The office is vacant when it is without an incumbent who has a right to exercise its functions.

This disposes of all the mooted questions. It leads to a dismissal of the writ. The writ of *certiorari* is dismissed.