BOARD OF EDUCATION OF NEWARK ET AL., APPELLANTS, v. CIVIL SERVICE COMMISSION, RESPONDENT.

Argued June 27, 1923—Decided November 26, 1923.

1. By the enactment of the amendment to the Civil Service law in 1918 (*Pamph. L.*, p. 244), the office of business manager of a board of education is included in the classified, or competitive, civil service.
2. The illegal appointment to a public office vests in the appointee no valid title thereto, and, where the incumbent is not legally qualified to hold office, a vacancy exists therein.

On appeal from the Supreme Court, whose opinion is reported in 98 N. J. L. 417.

For the appellants, *Charles M. Myers, John R. Hardin* and *Merritt Lane.*

For the respondent, *Thomas F. McCran,* attorney-general, and *William Newcorn,* assistant attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a *certiorari* proceeding. The writ was sued out by the board of education of Newark and one Cephas I. Shirley, the business manager of the board, to test the validity of certain resolutions passed by the civil service commission.

Shirley was appointed business manager of the board on June 26th, 1919, pursuant to authority which, it was assumed, had been conferred upon the board by the General School law of 1904. The appointment was made without any prior action taken by the civil service commission, or consultation had with that body. On February 28th, 1922, the civil service commission passed a resolution placing the position of business manager in the competitive class of the civil service, and a month later passed a second resolution, providing for the holding of an examination by the commission for the purpose of filling the position. These resolutions, if valid, apply to the position of business manager of the board of education of Newark, and the purpose of the present proceeding is to test their legality. The Supreme Court, after hearing argument upon the return of the writ and after consideration of the matter, affirmed the validity of the resolutions; and the present appeal challenges the judgment entered in that court.

The various reasons upon which the prosecutors relied in the Supreme Court as justifying their attack upon the resolutions, and each of which was held by the Supreme Court to be without legal merit, are now argued before us, the contention of the appellants being that the conclusion of the Supreme Court as to each one of them was erroneous.

The first of these reasons is that the statute of 1911 (*Pamph. L., p.* 727), under which the civil service commission acted, and which, by its terms, enlarges the scope of the original civil service statute so as to bring within its provisions the several school districts of the state, is invalid, because, as it is argued, it violates article 4, section 7, paragraph 4 of our constitution in several specified respects. In disposing of this reason we are content to adopt that part

108    COURT OF ERRORS AND APPEALS.

Bd. Education Newark v. Civil Serv. Com.    *99 N. J. L.*

of the opinion of the Supreme Court which deals with it and do not find it necessary to add anything to what was there stated.

The second reason is based upon the assumption that the act of 1911 will be held to be valid legislation and is as follows: "The business manager of a city board of education, appointed under the provisions of the School law of 1903, is the 'head of a department,' within the meaning of the Civil Service act, and by the terms of that act is eliminated from inclusion in the classified, or competitive, service." For the purpose of disposing of this reason it may be assumed that the business manager of a city board of education holds an office and is the head of a department in the public school system; and that prior to the amendment of the Civil Service law in 1918 (*Pamph. L., p.* 244) the civil service commission had no power to include the business manager in the classified, or competitive, service. But that amendment worked a radical change in the situation. It is practically state-wide in its scope and embraces in its provisions all officers and employes in the paid service of the state, or of the several municipalities thereof that have adopted the provisions of the Civil Service law, or of public school districts. It specifically designates which of such officers and employes shall be included in the unclassified service. In this designation are "all superintendents of, teachers and instructors in, the public schools, and members of boards of education." No other officers or employes engaged in administering our public school system are included therein. On the contrary, they are expressly placed in the classified, or competitive, service by the final paragraph of the amendment, which declares that "the classified service shall include all persons in the paid service of the state or the municipalities thereof that may adopt the provisions of this act, *not included in the unclassified service.*" The city of Newark has adopted the Civil Service act, including its amendments, and, consequently, all persons connected with its educational system, either as officers or employes, are subject to the rules and regulations of the civil service commission, except only those

who are designated in the amendment as being in the unclassified service. The office of business manager being, by the express terms of the amendment, placed in the classified, or competitive, service, it follows that the second reason relied upon by the appellants as a ground for setting aside the resolutions of the civil service commission is without legal support.

The last reason relied upon by the appellants is directed at the second of the resolutions under review and is based upon the proposition that this resolution is invalid because at the time of its passage there was no vacancy in the office of business manager of the board of education of Newark required to be filled by competitive examination. But this contention we also consider unsound. The appointment of Mr. Shirley to the position of business manager was made on June 26th, 1919 (more than a year after the enactment of the amendment of 1918), upon the assumption that the holder of the office was in the unclassified civil service, under then existing legislation, and that, consequently, the appointment was not subject to the supervision or control of the civil service commission. But, as we have already pointed out, that assumption was unwarranted. The office had been placed by the legislature in the classified service, and the power of the board of education in making the appointment was confined to the making of a selection from among the names of those that were certified to it by the civil service commission as having passed in a competitive examination held by the commission. The act of the board, therefore, in appointing Shirley, without first complying with the conditions and limitations of the Civil Service law, was without legal warrant; and, even if it be assumed that the delay of the civil service commission in taking action was an implied approval by it of the course pursued by the board, such implied approval could not operate to give validity to an appointment made in direct violation of the statute. The illegal appointment to a public office vests in the holder thereof no valid title, and, as was pointed out by the Supreme

Court, "where there is an office, but no legally qualified incumbent, there is a vacancy." This latter reason also fails.

The above views lead to an affirmance of the judgment of the Supreme Court. It will be so ordered.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 9.

*For reversal*—None.