71 N.J. Super. 135 (1961)
176 A.2d 492
ALEXANDER MILTON, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND TOWNSHIP OF SCOTCH PLAINS, A MUNICIPAL CORPORATION, UNION COUNTY, NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1961.
Decided December 14, 1961.
*136 Before Judges GOLDMANN, FOLEY and BARRETT.
Mr. Joseph R. Kane argued the cause for appellant (Messrs. Sterner and Kane, attorneys; Mr. Kane, on the brief).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondents (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a decision of the Civil Service Commission placing the position of Superintendent of Public Properties of Scotch Plains, New Jersey, held by appellant Milton, in the classified service of the Civil Service, thereby making it subject to competitive examination. Appellant contends the position is that of department head and should be in the unclassified service, pursuant to N.J.S.A. 11:22-2(d).
On September 1, 1959 the Township of Scotch Plains adopted an ordinance creating a Department of Public Properties "under the ultimate control of the Township Committee, but immediately subject to the orders of the Chairman of the Department of Public Properties." The "executive and responsible officer" of the department was to be the Supervisor of Public Properties, appointed by the township committee for a term of one year. The Supervisor was declared "subject always to the orders of the Department of Public Properties Chairman and to the ultimate control of the Township Committee," and was to have full charge and management of the department and its officers and employees, including the power to "hire, fire, discipline and promote" such employees. Among other powers, the Supervisor, again "subject always to the orders *137 of the Department of Public Properties Chairman and to the ultimate control of the Township Committee," was to have direct charge and management of the maintenance and repair of all streets, sewers, drainage, shade trees, municipal buildings, parks and bridges, and was to coordinate the work of his department with certain other named township departments. Milton was appointed to the newly created position, and continues in that position to this day.
On August 21, 1959 the Director of Classifications, Municipal Services, in the Department of Civil Service, advised the township that appellant's position would be classified under the title of Public Works Superintendent in the competitive division, classified service. The township formally objected to the classification and requested a conference or hearing. Following the Civil Service Commission's approval of the classification in January 1960 the township requested a formal hearing and advised the Civil Service Department of its contention that the position was, under N.J.S.A. 11:22-2(d), that of a department head and therefore belonged in the unclassified service. A conference with various members of the Department's administrative staff followed, eventuating in a letter on March 24, 1961 notifying the township that the administrative decision of the Department was that appellant's position belonged in the classified service; that the matter would be presented to the Civil Service Commission at its next meeting on April 13, but that there would be no appearance by the township authorities at that time. The Commission approved the administrative action taken. As a result, the township on April 20 notified appellant of the Commission's decision and advised that it had no alternative but to follow it.
This appeal followed, challenging both the action of the Civil Service Commission and that taken by the township. By order dated June 26, 1961 we restrained the Commission from certifying to the township the candidate or candidates successful in the examination until we had heard and determined the merits of the appeal.
*138 When the Civil Service Commission, on April 13, 1961, approved the administrative action taken by the Department's staff, it did so on the basis of the report of the Chief Executive and Secretary reading, in part, as follows:
"* * * (1) It was our view that the proposed Supervisor of Public Properties or Public Works Superintendent was not a department head because of the provision in section 1(A), [2](B) and (E) of the ordinance adopted September 1, 1959 that the department `shall be under the ultimate control of the township committee, but immediately subject to the orders of the Chairman of the Department of Public Properties;' (2) It is practicable to determine merit and fitness for this position by competitive examination; (3) in the township form of government we have always considered, for lack of any other provisions in the statute, the township committee membership to be the heads of the various departments which, in effect, places any positions under them out of the unclassified and in the classified[,] and similar positions in other jurisdictions are uniformly placed in the competitive division; and (4) the more responsible position of Chief of Police is also uniformly placed in the competitive division. * * *" (Brackets supplied)
The first of the quoted reasons clearly demonstrates that the Commission relied upon the language of the 1959 ordinance creating the Department of Public Properties and the position of Supervisor of Public Properties, as it then read.
Following the Commission determination, the township committee in May 1961 adopted an ordinance amending the ordinance of August 18, 1959 so that it now reads in pertinent part as follows (the brackets indicate, for convenient comparison, the language deleted from the 1959 ordinance):

"Section 1  Department of Public Properties
A. That a department be and hereby is created in the Township of Scotch Plains which shall be known and described as the Department of Public Properties. [Said Department shall be under the ultimate control of the Township Committee, but immediately subject to the orders of the Chairman of the Department of Public Properties.]

* * * * * * * *

*139 Section 2  Supervisor of Public Properties.
A. The executive and responsible officer of the Department of Public Properties shall be known and described as the Supervisor of Public Properties, who shall be appointed by the Township Committee. The term of said officer shall be one (1) year, commencing January 1st of each year or until his successor is appointed. Should the office become vacant during any term, it shall be filled by a similar appointment but for the unexpired term only.
B. The Supervisor of Public Properties[, subject always to the orders of the Department of Public Properties Chairman and to the ultimate control of the Township Committee,] shall have full charge and management of the department, and of the other officers and employees in said department subject to the Civil Service Law. Such charge shall include the power to hire, fire, discipline and promote employees within the Department of Public Properties subject to the law.
C. He shall keep accurate records and books of account of all his transactions as Supervisor of Public Properties and of the work and transactions of his office. He shall prepare budget recommendations for the department and shall have full charge and management of the properties and equipment belonging or assigned to the Department of Public Properties.
D. He shall render to the Township Committee such reports, recommendations, drawings or other documents as may be required, at regular stated intervals or upon special request therefor. He shall hold himself available for consultation and advice to all municipal officials and municipal boards or commissions, and shall prepare and present to the Township Committee short and long range planning recommendations for the development and improvement of the Township.
E. The Supervisor of Public Properties[, subject always to the orders of the Department of Public Properties Chairman and to the ultimate control of the Township Committee,] shall have direct charge and management of the maintenance and/or repair of all streets, sewers, drainage, shade trees, municipal buildings, parks, bridges and other like operations performed by the Township of Scotch Plains. In addition he shall coordinate the work of the Department of Public Properties with the work of the Police Department, Fire Department, Township Engineer, Recreation Department, Board of Health and such other departments and Township Officers by whom the services of the Department of Public Properties are required. He shall be available for advice, guidance and consultation to the aforementioned departments and officers.

* * * * * * * *"
It will be seen that the amendatory ordinance deleted the provisions making the Supervisor of Public Properties a subordinate of the Chairman of the Department of Public *140 Properties. He was put in "full charge and management" of the department, with plenary powers and responsibilities.
Notified of the amendatory ordinance, the Department of Civil Service still contends that appellant's position should be in the classified service.
At the oral argument, as well as in its brief, respondent Department conceded that this court is bound to determine the appeal in the light of the provisions of the 1961 amendatory ordinance. However, it contends that the last three grounds on which it based its decision of April 13, 1961 placing appellant's position in the classified service  hereinbefore quoted  are adequate. Respondent claims it still is practical to determine merit and fitness for the position by competitive examination, and that its determination that the position belongs in the classified service would be consistent with its action taken in other cases. Appellant claims his position is, by the clear weight of authority, that of a department head, so that the reasons advanced by the Department have no pertinence.
N.J.S.A. 11:22-2 provides:
"The unclassified service shall not be subject to the provisions of this subtitle and shall include the following

* * * * * * * *
d. Heads of departments, * * *."
Our courts have on a number of occasions considered what constitutes or does not constitute a head of a department. A review of the decisions shows that the following factors have been considered as indicating whether or not a position is that of head of a department:
1. Whether the position allows the incumbent to hire, fire, and exercise control over subordinates. McKenzie v. Elliott, 77 N.J.L. 43, 46 (Sup. Ct. 1908); Fagen v. Morris, 83 N.J.L. 3, 5-6 (Sup. Ct. 1912), affirmed o.b. 84 N.J.L. 759 (E. & A. 1913); Chapman v. Edwards, 124 N.J.L. 192, 195 (Sup. Ct. 1940); Walsh v. Dept. of Civil Service, 32 N.J. Super. 39, 49 (App. Div. 1954), certification granted 17 N.J. 182 (1955); Connors v. Bayonne, 36 N.J. Super. 390, 398 (App. Div. 1955), certification denied 19 N.J. 362 *141 (1955); Mara v. Parsippany-Troy Hills Twp., 24 N.J. 113, 118 (1957); and see Virtue v. Civil Service Commission, 97 N.J.L. 80, 81-83 (Sup. Ct. 1922); Board of Education of Newark v. Civil Service Commission, 98 N.J.L. 417, 419, 422 (Sup. Ct. 1923), affirmed on other grounds 99 N.J.L. 106, 108-109 (E. & A. 1923).
2. Whether the incumbent was in fact a subordinate of another officer of the municipality. Virtue v. Civil Service Commission, Newark v. Civil Service Commission, Walsh v. Dept. of Civil Service, Connors v. Bayonne, Mara v. Parsippany-Troy Hills Twp., above.
3. Whether the nature of the duties performed are important and substantial, and not merely administrative. Fagen v. Morris, Virtue v. Civil Service Commission, Newark v. Civil Service Commission, above.
4. Whether office space was provided for the incumbent in a municipal building. McKenzie v. Elliott, Fagen v. Morris, Chapman v. Edwards, above.
The department head must be independent of other administrative authority, even though the department is subject to the legislative power of the municipality. Civil Service Commission v. O'Neill, 85 N.J.L. 92, 94 (Sup. Ct. 1913), affirmed o.b. 86 N.J.L. 377 (E. & A. 1914). Given a particular municipal setting, it is possible that the real administrative head of a department could be the township committee as a whole, acting in its executive capacity. Mara v. Parsippany-Troy Hills Twp., above, 24 N.J., at page 119. See also Kaplan, The Law of Civil Service, § 15, p. 78 (1958).
Reviewing the ordinance, as amended in May 1961, in the light of the cited cases, we see that the Supervisor of Public Properties is designated as the executive and responsible officer of the Department of Public Properties. He has full charge and management of the department, and of its officers and employees subject to Civil Service law. This specifically includes the power to hire, fire, discipline and promote department employees, subject to law. The Supervisor is required to prepare budget recommendations for his department and given full charge and management of department properties and equipment. He is to hold himself available to all municipal officials, boards and commissions for consultation and advice, and is given the important *142 duty of preparing and presenting to the township committee short and long-range planning recommendations for the development and the improvement of the township. Among other responsibilities, he has direct charge of the maintenance and repair of all streets, sewers and drainage, shade trees, municipal buildings, parks, bridges, and other like township operations. It is his responsibility to coordinate the work of his department with that of other important departments and officers of the township, when required.
It would indeed be a strained construction of the amended ordinance were we to interpret it as placing appellant under the administrative, rather than the legislative, control of the township committee. The deletion of the bracketed words in our quotation from the 1961 amendatory ordinance reflects a clear intent to place the Department of Public Properties solely under appellant's administrative control.
It is difficult to see how the position here under consideration could more clearly be stated to be that of a department head. Especially is this so in view of the township's continuing objection to respondent's classification, and the amendatory ordinance which reflects the intention of the governing body to draft local legislation which could meet any decision adverse to its own announced purpose of making the Supervisor a department head. The township committee has removed all provisions in the ordinance that would place the Supervisor of Public Properties in a subordinate position or in any way diminish his plenary powers. We find that the position meets all the requirements set out in our analysis of the decisions.
At the oral argument it was agreed that the Department of Public Properties has 55 employees. Scotch Plains covers an area of 9.30 square miles and its population (1960 census) is 18,491. It is a growing township. These figures, considered in the light of the provisions of section 2(E) of the amendatory ordinance, give some indication of the scope of the Supervisor's responsibilities.
*143 Respondent raises the incidental question of petitioner's non-residence in Scotch Plains, referring us to R.S. 11:22-7, which limits the eligibility of applicants for positions and employment in the classified service of a municipality to residents of that municipality. That section of the Civil Service Act, by its own language, is not applicable here.
Respondent observes that it is difficult to determine whether appellant is really performing his duties without any supervision of a superior municipal official. It maintains that even if we hold that the Supervisor of Public Properties is the head of a department, it has the duty to re-examine the situation from time to time to determine if the Supervisor is really acting without supervision and, if he is not, to reclassify the position in the classified service. That respondent may on its own initiative make such a re-examination in the future is not questioned.
We conclude that the position of Supervisor of Public Properties of Scotch Plains is in the unclassified service of the Civil Service, and that the holder of that position is the head of a department within the meaning of N.J.S.A. 11:22-2(d). The decision under review is reversed.