796 A.2d 843

JOHN REUTER AND BERNARD HART, PLAINTIFFS–RESPON-
DENTS, v. THE BOROUGH COUNCIL OF THE BOROUGH OF
FORT LEE, DEFENDANT–RESPONDENT, AND JOHN ORSO,
INDIVIDUALLY AND AS CHIEF OF POLICE OF THE BOR-
OUGH OF FORT LEE, NEW JERSEY DEPARTMENT OF PER-
SONNEL AND WILLIAM PEPPARD, DEFENDANTS, AND
JEREMIAH J. O'SULLIVAN, DEFENDANT–APPELLANT.

JEREMIAH J. O'SULLIVAN, PLAINTIFF–APPELLANT, v. BOR-
OUGH OF FORT LEE, MAYOR AND MEMBERS OF THE FORT
LEE BOROUGH COUNCIL AND THOMAS R. TESSARO, DE-
FENDANTS–RESPONDENTS, AND THE NEW JERSEY DE-
PARTMENT OF PERSONNEL, DEFENDANT.

April 30, 2002.

## ORDER

This matter having been duly considered and the Court having
determined that certification is improvidently granted;

It is ORDERED that the within appeal be and hereby is
dismissed.

LONG, J., dissenting.

The Court was correct in its initial grant of certification because
the issue presented is one of general public importance that
requires our resolution. *R.* 2:12–4.

The Appellate Division concluded that the Borough Council of
Fort Lee was without power to appoint O'Sullivan because
*N.J.S.A.* 40A:60–6(d) only authorizes the Council to make appoint-
ments when it fails to confirm a mayoral nomination, not when the
mayor fails to make a nomination. ·That conclusion violates the
power-sharing scheme under the Borough statute that allows the
mayor a finite period in which to appoint and reserves all residual
power to the council. Further, it has the effect of allowing a
borough mayor to paralyze the appointment process through
inaction. Indeed, a mayor must nominate within thirty days of a

vacancy. *N.J.S.A.* 40A:60–5(g). If the council is not able to fill the vacancy without such a nomination, then positions that are left vacant for more than thirty days, perhaps because of the inability to find a suitable candidate, are fated to remain vacant forever. I would not ascribe such an intent to the Legislature and would decide this appeal accordingly.

With respect to O'Sullivan, although his appointment to the position of Chief of Police did not achieve such finality that it could not be rescinded, his appointment as Deputy Chief was made by the Council in complete conformity with the statutory scheme. *N.J.S.A.* 40A:60–1 to –8.1. A vacancy existed in the position of Deputy Chief. *See Paull v. Pierce*, 68 *N.J.Super.* 521, 528, 172 *A.*2d 721 (Law Div.1961) ("An office is vacant whenever it is unoccupied by one who has the legal right to hold it and exercise the powers and perform the duties pertaining thereto.") (citing *Davis v. Davis*, 57 *N.J.L.* 80, 30 *A.* 184 (Sup.Ct.1894); *Board of Educ. v. Civil Service Comm.*, 98 *N.J.L.* 417, 119 *A.* 875 (Sup.Ct. 1922), *aff'd,* 99 *N.J.L.* 106, 122 *A.* 807 (E. & A.1923); *Fiscella v. Nulton*, 22 *N.J.Super.* 367, 92 *A.*2d 103 (App.Div.1952)). According to the statute, the mayor "shall make his nomination to any such office within thirty days of that office becoming vacant." *N.J.S.A.* 40A:60–5(g). He did not do so. Upon his failure to act, *N.J.S.A.* 40A:60–6 authorized the Council to appoint O'Sullivan and it did so. O'Sullivan successfully passed the qualifying exam, was certified by the Department of Personnel, and was permanently appointed to the position of Deputy Chief. Thus, in my view, he is entitled, as a matter of law, to retain that position.

For those reasons, I respectfully dissent from the vacation of certification.

Justice ZAZZALI joins in this opinion.

*For vacation*—Chief Justice PORITZ and Justices STEIN, COLEMAN, VERNIERO and LAVECCHIA—5.

*Dissenting*—Justices LONG and ZAZZALI—2.