JOAN DRISCOLL, PLAINTIFF-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF CLIFTON, DEFENDANT-RESPONDENT.

Argued January 9, 1979—Decided February 6, 1979.

*Mr. Theodore M. Simon* argued the cause for appellant (*Messrs. Goldberg* and *Simon,* attorneys; *Mr. Sheldon Pincus* on the brief).

*Mr. Patrick C. English* argued the cause for respondent (*Messrs. Lordi, Imperial & Dines,* attorneys; *Mr. Aaron Dines* of counsel).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the majority opinion of the Appellate Division, reported at 165 *N. J. Super.* 241 (1977).

PASHMAN, J., concurring. I concur in the affirmance of the Appellate Division. *N. J. S. A.* 18A:27–4 empowers local boards of education to make rules governing the terms, tenure, and salaries of teaching staff members. Pursuant to its rules, defendant Clifton Board of Education paid plaintiff $23 per day for the services she had rendered as a substitute teacher.

Plaintiff was informed at the start of her employment that she would be compensated merely as a substitute. This remained the expectation of the parties throughout the performance of her duties. The fact that she ultimately worked for the entire school year cannot alone allow her to retroactively recover the salary and emoluments due a full-time teacher. Any holding to the contrary would involve this Court in highly speculative line-drawing problems as to when

and under what circumstances a substitute's status would convert to that of a full-time teacher.

Although the "law" supports the position of the Board of Education, I feel constrained to note the unfairness of that law as applied to the facts of this case. It is undisputed that Ms. Driscoll spent an entire school year with the same elementary class. In her role as teacher she led classes, prepared daily lesson plans, attended PTA and staff meetings, and organized assemblies and special tutoring sessions. In short, she fully performed all the duties of a regular full-time teaching staff member. However, as compensation for her services, she received a *per diem* salary which amounted to less than 50% of the wages for a year's service required to be paid to "full-time" teachers. *See N. J. S. A.* 18A:29-1 *et seq.* Moreover, unlike her "full-time" colleagues, she was not compensated for sick days, holidays, and conference days. Nor was she the recipient of medical and pension benefits.

Given the present state of the law, however, no judicial remedy can be accorded plaintiff for the manner in which she was treated. Although unfair, the Board's actions were not so arbitrary as to deny plaintiff substantive due process or equal protection of the law. Redress for the grievances voiced by Ms. Driscoll and others similarly situated must therefore be sought from local boards of education or the State Legislature. The facts of this case should vividly demonstrate to those bodies the compelling need to differentiate, at least as to compensation, between short-term and long-term substitutes who perform duties commensurate with those of a full-time teacher.

Chief Justice Hughes joins in this opinion.

*For affirmance*—Chief Justice Hughes and Justices Mountain, Pashman, Clifford, Schreiber and Handler —6.

*For reversal*—None.