JOAN DRISCOLL, PETITIONER-RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF CLIFTON, PASSAIC COUNTY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 26, 1977—Decided October 18, 1977.

Allcorn, P. J. A. D., filed a dissenting opinion.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. Sam Monchak,* attorney for appellant.

*Messrs. Goldberg & Simon,* attorneys for respondent (*Mr. Theodore M. Simon* on the brief).

*Mr. William F. Hyland,* Attorney General, Attorney for State Board of Education (*Ms. Susan P. Gifis,* Deputy Attorney General, of counsel; *Mr. Mark Schorr,* Deputy Attorney General, submitted a statement in lieu of brief).

PER CURIAM. The question presented in this appeal by appellant Board of Education of the City of Clifton, Passaic County (local board), is whether petitioner Joan Driscoll, who was appointed as a substitute teacher in the City of Clifton school system, was entitled to be considered as a teaching staff member (*N. J. S. A.* 18A:1–1) with all the emoluments, rights and privileges which follow such position under the circumstances of this case.

The Commissioner of Education (Commissioner) following a contested administrative hearing substantially adopted the hearing examiner's recommendation and held that petitioner was entitled to the emoluments, rights and privileges of a

teaching staff member as of October 15, 1973. The State Board of Education (State Board) affirmed. The local board then instituted this appeal pursuant to *R.* 2:2–3(a)(2).

The operative facts are not controverted. Plaintiff, holder of a standard teaching certificate in New Jersey, applied in January or February 1973 to the local board for a teaching position in the Clifton school system. In August she was offered and agreed to accept employment as a substitute teacher, when called upon to perform such duties. At no time was she offered a position as a regular teacher.

Meanwhile a tenured teacher, Elena Voss, had received maternity leave from the local board, to be effective through August 1974. Later Voss thought she could get a teaching position in a school she desired, so she sought to shorten the period of her maternity leave and made a request to teach at the school commencing September 1973. Instead the local board notified her that she was to teach at School No. 15, because there were no openings at the school she preferred. Then she requested that her maternity leave be once again extended through August 1974. This was denied and she was notified to report to teach commencing on September 5, 1973, the day before school began. When she did not report petitioner was called and agreed to teach as a substitute starting the following day, September 6. On and from that day she worked continuously during the ensuing school year ending June 11, 1974, except for one and one-half days when she was ill. She was paid the usual rate for substitute teachers of $23 a day. During the course of the year she was not paid for holidays or for the one and one-half days that she was absent on account of illness. Petitioner, however, performed all the activities of a regular teacher.

On September 13, 1973 the school board wrote Voss a letter, which in part stated:

\* \* \* However, your failure to report to your assignment as directed is deemed as absent without leave and can be legally declared

as abandonment of position. In view of your past services, this is a position the Board would be loathe to take.

Therefore, please notify this office immediately following receipt of this communication that you will report within two working days to your 1973–74 assignment to avoid the necessity of taking the legal steps outlined. However, due to your past service, should you desire to resign, a letter to that effect received within the time period outlined will be accepted without prejudice and your personnel record noted that the matter of resignation was voluntary on your part.

Voss did not respond. The Board took no action as to Voss, as it indicated in the letter that it might do. Finally, in August 1974 Voss resigned by letter, giving as a reason that she was moving to New York with her husband.

Petitioner learned when she commenced to work only that she was substituting for Voss. She was not told of the above letter or that Voss had not responded to it. In August 1974, under the authority of *N. J. S. A.* 18A:6–9, plaintiff initiated these proceedings by the filing of a petition with the Commissioner to compel the Board to recognize her as a regular full-time teacher for the 1973–1974 school year, to provide her retroactively with the emoluments to which a regular full-time teacher was entitled and to employ her for the 1974–1975 school year by virtue of *N. J. S. A.* 18A:27–10. As stated, the Commissioner agreed with petitioner's views as to her right to be retroactively regarded as a full-time staff teacher and to be paid accordingly by the local board, but only from October 15, 1973 instead of September 6, 1973. The Commissioner rejected petitioner's right to be employed as a regular staff teacher for the following school year for a reason unrelated to petitioner's primary claim. We need not discuss this aspect since petitioner has filed no cross-appeal challenging the Commissioner's rejection of this secondary relief.

Before proceeding with the merits of the issue projected in this case, we note that the Attorney General has submitted a statement in lieu of brief on behalf of the State Board, purportedly pursuant to *R.* 2:6–4. The State Board

espouses the position of petitioner by urging that this court uphold the decision of the Commissioner as affirmed by the State Board. We have considered the contents of the statement in lieu of brief notwithstanding that neither the Commissioner nor the State Board is a party to these proceedings inasmuch as there has been no motion to strike it. *Hasbrouck Heights v. Division of Tax Appeals,* 48 *N. J. Super.* 328, 335 (App. Div. 1958).

The hearing examiner recommended to the Commissioner that the latter direct the local board to compensate petitioner retroactively on findings that petitioner actually performed all the duties of a regular teacher during the 1973–1974 school year and, although she was originally employed as a substitute teacher and knew that she would receive the compensation accorded that position and not the emoluments, rights and privileges of a regular teacher, when the local board learned that Voss had for all practical purposes abandoned her position, this "resulted in the inequitable employment of petitioner." However, the examiner's report as adopted by the Commissioner noted a finding that the local board was without malice or bad faith. "The [local board] acted in good faith and believed petitioner was a substitute."

The Commissioner's determination adopted the examiner's report with a minor modification. He held that Voss's refusal to respond to the local board's letter "coupled with the [local board's] inaction was prejudicial to petitioner in that petitioner was * * * performing the duties of a regular teacher with none of the emoluments of that position." We disagree and reverse.

The principles governing this case are iterated in *Biancardi v. Waldwick Bd. of Ed.,* 139 *N. J. Super.* 175 (App. Div. 1976), aff'd o. b. 73 *N. J.* 37 (1977), which was decided by us after the determination of the Commissioner but before the affirmance by the State Board.

*Biancardi* was similarly concerned with the contention of a teacher employed as a substitute that during the teaching period (about two months) she actually performed the duties

of a regular teacher, so that she should be considered as such. In that case the teacher sought to add that period to additional time during which she served as a regular member of the teaching staff for the purpose of securing tenure under the statute, *N. J. S. A.* 18A:28–5. In the instant case the matter of tenure is not a factor, only the question of retroactive compensation and other benefits.

*Biancardi* held that when a board of education hires a teacher as a substitute it may not be compelled to convert her status to that of a regular teacher for the purpose of adding the time served as a substitute to the time served as a regular teacher in order to provide her with the time necessary to effect tenure. This is so notwithstanding the fact she did the work of a regular teacher. See *Biancardi, supra,* 139 *N. J. Super.* at 179.

Both petitioner and the State Board, as in *Biancardi,* urge that we must give deference to the findings of the Commissioner because they are supported by substantial credible evidence in the record. *Parkview Village Asso. v. Bor. of Collingswood,* 62 *N. J.* 21, 34 (1972); *Close v. Kordulak Bros.,* 44 *N. J.* 589, 599 (1965). However, as stated in *Biancardi*:

* * * As in *Schulz* [*Schulz v. State Board of Education,* 132 *N. J. L.* 345 (E. & A. 1945)] there are no disputed facts in this case, and our task is to apply the law to these undisputed facts. *Schulz, supra* at 349. Where the issue is one of law the Commissioner's decision does not carry a presumption of validity, and it is for the court to decide whether his decision (and that of the State Board) is in accordance with the law. See *Fanwood v. Rocco,* 59 *N. J. Super.* 306, 315 (App. Div.), aff'd 33 *N. J.* 404 (1960); *Kopera v. West Orange Bd. of Ed.,* 60 *N. J. Super.* 288, 296 (App. Div. 1960). As was said in *Mayflower Securities v. Bureau of Securities,* 64 *N. J.* 85, 93 (1973): "An appellate tribunal is * * * in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." [139 *N. J. Super.* at 177]

This case is decided specifically on the Commissioner's finding that the local board did not act in bad faith in employing petitioner as a substitute teacher. We do not agree

with the Commissioner that petitioner was inequitably treated by reason of the action (or inaction) of Voss.

We disagree that there was such an abandonment on the part of Voss or such wrongful inactivity on the part of the local board to dismiss Voss as to warrant the retroactive award. A unilateral determination that Voss abandoned her position could have resulted in expensive litigation should Voss have sought to return during the balance of the school year. Moreover, it could have resulted in the payment to Voss of her normal compensation as well as the payment to petitioner of similar compensation if given a contract as a regular teacher for the balance of the school year.

A tenured teacher may only be involuntarily dismissed pursuant to *N. J. S. A.* 18A:6–10 *et seq.,* the Tenure Employees Hearing Law. Thus the local board had no real freedom of action as to Voss. See *In re Tenure Hearing of Grossman,* 127 *N. J. Super.* 13 (App. Div. 1974), certif. den. 65 *N. J.* 292 (1974). If such proceedings to dismiss Voss were instituted, unquestionably they probably would have consumed more time than the eight months for which, according to the Commissioner, petitioner was entitled to the compensation and benefits of a regular teacher. Consequently the Commissioner failed to accord to the local board that body's right as well as responsibility to exercise its discretion under the circumstances. In the face of the acknowledged facts that petitioner was engaged as a substitute teacher with the knowledge that she would receive the compensation of a substitute teacher and made no protest or demand throughout that period of service, the action of the Commissioner would appear to be unfair and unjust to the local board.

In addition to what has been said as to the local board's discretion, there was also its right to exercise its discretion as to the employment of a regular teacher other than petitioner if it became apparent during the school term that petitioner was employed that a regular teacher was required.

In sum and to again resort to language of *Biancardi,* to compel the local board to retroactively regard petitioner as a

regularly employed teacher under these circumstances "would effectively negate and contravene the local board of education's statutory authority to hire [petitioner] as a substitute teacher." 139 *N. J. Super.* at 179.

For the foregoing reasons the determination from which the local board has appealed is reversed.

ALLCORN, P. J. A. D. (dissenting). I would affirm the determination of the State Board substantially for the reasons set forth by the Commissioner of Education.

I do not agree that the present case is controlled by *Biancardi v. Waldwick Bd. of Ed.,* 139 *N. J. Super.* 175 (App. Div. 1976), aff'd o. b. 73 *N. J.* 37 (1977), for it is not at all apposite. In *Biancardi,* the teacher with full knowledge of all the surrounding circumstances undertook to accept a position as substitute for a fixed period — namely, from late April through the end of the school year, a period of approximately two months. In short, there was an express agreement between the board of education and the teacher that she would serve as a substitute for a fixed and definite term. In the present case, the petitioner did not agree to accept nor was she offered the position of permanent substitute for the full school year. Instead her appointment as substitute was simply to stand in for regular staff teachers from time to time for relatively short periods when a regular staff teacher was absent due to illness or other cause.

Thus, when petitioner here was asked to substitute for the regular teacher (Mrs. Voss) at the beginning of the school year, she plainly contemplated that it would be of short duration — and, unless the board was acting in bad faith, it also must have been of the same view. After the regular teacher failed to return early in September pursuant to the ultimatum of the board, it took no affirmative action whatever to resolve the situation. Fair and honorable dealing required that the board at the very least, then advise petitioner of the situation that had developed, and make accordant arrangements to fill the abandoned position for the balance of

the school year under some mutually acceptable terms — whether it hired the petitioner or some other qualified teacher for the purpose. Instead of so doing and without disclosing to petitioner the true situation, the board just protracted petitioner's employment in the capacity of a substitute from day to day, until she had worked for the entire school year, performing all of the duties of a regular full time staff teacher — in the status and at the rate of pay of a substitute, at a considerable saving to the board.

In these circumstances, the petitioner is entitled to be considered and to be compensated as a regular full time staff teacher.