WEIDMAN v BRANDON SCHOOL DISTRICT BOARD OF
EDUCATION

Docket No. 78152. Submitted December 12, 1984, at Lansing.—Decided May 21, 1985.

Petitioner, James Weidman, was a tenured teacher on lay-off status due to economics with the Brandon School District. Grace Vaughn, another tenured teacher employed by the district, became ill in December of 1980. Until February, 1981, she communicated frequently to Kenneth Stubblefield, administrative assistant to the superintendent, that she thought she would be able to return to work within a short period of time. On February 18, 1981, however, Vaughn and Stubblefield executed a letter of understanding which predicted that she would be absent for the balance of the school year. Respondent, Brandon School District Board of Education, hired a substitute to fill in for Vaughn until her return, rather than recalling petitioner. Weidman petitioned the State Tenure Commission, which held that a vacancy is created, thus requiring the recall of a tenured teacher on lay-off status, when the school board knows or should know that the absence will be of sufficient duration so as to reasonably require the replacement teacher to assume full responsibility for the classroom. The commission concluded that no vacancy was created because the administrators could not reasonably have known that Vaughn's absence would continue for such a period of time that her replacement would have to assume full responsibility for the classroom. Petitioner appealed and the Ingham Circuit Court, Thomas L. Brown, J., affirmed, holding that no vacancy occurs requiring the recall of a tenured teacher on lay-off status where the teacher on sick leave has a right to return and reclaim the position. Petitioner appealed. *Held:*

A teaching position is not "vacant" within the meaning of the statute requiring that it be filled by a tenured teacher on lay-off status where the teacher who left the position temporarily has the right to return and reclaim it.

Affirmed.

References for Points in Headnote
68 Am Jur 2d, Schools § 149 *et seq.*
Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

SCHOOLS — TENURE — VACANCY.

A teaching position is not "vacant" within the meaning of the statute requiring that it be filled by a tenured teacher on lay-off status where the teacher who left the position temporarily has the right to return and reclaim it (MCL 38.105; MSA 15.2005).

*Foster, Swift, Collins & Coey, P.C. (by Arthur R. Przybylowicz and Thomas J. Meyer),* for petitioner.

*Thrun, Maatsch & Nordberg, P.C. (by Patrick B. Mooney),* for respondent.

Before: BEASLEY, P.J., and R. B. BURNS and S. C. GARDNER,* JJ.

PER CURIAM. Petitioner, James Weidman, appeals from the Ingham County Circuit Court's April 26, 1984, order affirming and modifying a decision of the State Tenure Commission. The action arises from a decision of the respondent Brandon School District Board of Education to hire a substitute teacher rather than recall petitioner, a tenured teacher on lay-off status, to fill an opening caused by the regular teacher's extended illness. The issue is whether, and under what circumstances, an on-staff teacher's absence due to illness creates a vacancy within the meaning of § 5 of the teacher tenure act, MCL 38.105; MSA 15.2005, which provides:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified."

We adopt the circuit court's finding that a teacher's continued absence due to illness does not

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

create a "vacancy" within § 5, so long as the teacher has the right to return to the position.

Petitioner was a tenured teacher employed by respondent school district. He was terminated in August, 1980, due to a necessary reduction in personnel. During the 1980-81 school year, Grace Vaughn, another tenured teacher employed by respondent school district, became ill, causing her to be absent for an extended period of time. Vaughn was off work due to illness beginning in December, 1980. Until February, 1981, she communicated frequently to Kenneth Stubblefield, administrative assistant to the superintendent, that she thought she would be able to return to work within a short period of time. On February 18, 1981, however, Vaughn and Stubblefield executed a letter of understanding which predicted that she would be absent for the balance of the school year. The commission found that the prediction was made primarily for the purpose of allowing Vaughn to receive long-term disability benefits and not to set a minimum amount of time during which she would be unable to resume her teaching duties. According to the commission's findings, Stubblefield knew that Vaughn would not be able to return to her teaching duties until, at the earliest, April 1, 1981. Vaughn had prepared lesson plans only through February, and the commission found that respondent's administrators knew by April 18, 1981, that Vaughn's replacement would have to plan class lessons for at least six weeks. Vaughn did not in fact return during the school year. It is undisputed that petitioner was certified and qualified to fill the opening caused by Vaughn's illness and that respondent used a substitute teacher rather than recalling petitioner to fill the position.

The commission adopted the following test for

determining whether a vacancy is created under § 5:

"[W]e do not believe that every time a teacher is absent from the classroom a vacancy is created, thereby mandating recall of a laid off tenured teacher at the appropriate level on the salary schedule. Rather, we find the touchstone must be that the known or anticipated duration of the absence will be so long as to reasonably require the replacement teacher to assume full responsibility for the absent teacher's duties. *Cf. Masters v Hamtramck Board of Education* (77-20). The rationale underlying this result is grounded on the Act's purpose. Where an on-staff teacher's absence will be so long as to leave the essential functions associated with the assignment unmet, the Act's goal of retaining the teachers who have demonstrated their competency requires that a certified and qualified tenured teacher awaiting recall assume the position. Moreover, we conclude that a similar test must be applied where the on-staff teacher is involved in a continuing day-to-day absence. Accordingly, we hold that in these situations, a vacancy for purposes of recall occurs at the time the school board or its agents knows or should know that the on-staff teacher's absence will be of sufficient duration as to reasonably require the replacement teacher to assume full responsibility for the classroom."

The commission concluded that no vacancy was created because the administrators could not reasonably have known that Vaughn's absence would continue for such a period of time that her replacement would have to assume full responsibility for the classroom.

The circuit court affirmed the commission's result, but adopted a different test. Because we essentially agree with the approach taken by the circuit court, we quote its decision at length:

"Where the statutory language is clear and unambiguous, the Legislature must be presumed to have in-

tended the meaning expressed by the language chosen. There is no requirement for further interpretation of a statute which is clear and unambiguous unless a literal reading of the statutory language would produce an absurd and unjust result which would be clearly inconsistent with the purposes and the policies of the act in question. *Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1, 8; 317 NW2d 529 (1982).

"Pursuant to MCL 8.3(a); MSA 2.212(1), statutory words and phrases are to be given their plain and ordinary meaning unless they are technical words having acquired a peculiar and appropriate meaning in the law. The word 'vacancy' is not a technical word or a term of art and should be given its plain and ordinary meaning.

"The term 'vacancy' has traditionally been considered in reference to an office which is unoccupied by a legally-qualifed incumbent who has a right to continue therein. * * * The determination of whether a vacancy exists is based upon whether there exists someone with a right to the position. The teaching position left open by a teacher on sick leave in excess of six weeks is *unoccupied* but cannot be considered *vacant* as long as the incumbent teacher has the right to return to that position. A teacher on sick leave does not vacate the position with the school district as long as the teacher has a right to return. Pursuant to MCL 38.112; MSA 15.2012, teachers on sick leave do not terminate their continuing tenure status because they have a right to return and reclaim the position they left temporarily.

\* \* \*

"The Court recognizes that case law from other jurisdictions is not binding on Michigan courts. Nonetheless, the Court finds the discussion in *Brewer v Board of Education of Plainview-Old Bethpage Central School District,* 51 NY2d 855; 433 NYS2d 1009; 414 NE2d 389 (1980), persuasive. *Brewer* involved the issue of whether a laid-off tenured teacher has a right of appointment to a position opened by a leave of absence taken by an incumbent teacher. In construing the meaning of 'vacancy' as it appeared in the New York tenure statute, the Court stated:

" 'The legislature has provided no definition of the

term "vacancy" as it is used in subdivision 3 of section 2510 and there are few, if any judicial decisions which elucidate the meaning of that term. Under the circumstances of this case, however, we think it fair to conclude that the position at issue was not "vacant" within the meaning of the statute. The term "vacancy" when used in this context connotes a position or office for which there is no incumbent. Viewed in this light, it is evident that the term does not encompass a position that is temporarily open because the present incumbent has taken a short-term leave of absence. Indeed, it would be somewhat anomalous to treat a position as though it were "vacant" when there exists an incumbent who has a clear right to reclaim the position upon return from his leave.'

\* \* \*

"The teaching position left open during Ms. Vaughn's sick leave of itself did not create a 'vacancy' within the meaning of the statute. The responsibilities and duties which the teacher who filled this position had to assume during Ms. Vaughn's absence is not determinative of whether a 'vacancy' occurred. Because no 'vacancy' existed to which Petitioner could be rehired under Section 5 of the Act, his Petition was properly dismissed by the Commission."

In cases released subsequent to the circuit court's decision, the commission has abandoned its "full responsibility" test of determining when a vacancy occurs. In *Billups v Bd of Ed of the Howell Public Schools,* Tenure Comm No. 82-79, the teacher suffered a heart attack in March, 1982, which required her to be absent for the remainder of the school year, and the petitioner therein claimed that this created a vacancy within the recall statute. The commission stated:

"The Circuit Court's *Weidman* decision provides this Commission with an opportunity to reflect upon the viability of treating an on-staff teacher's continuing illness as a vacancy for recall purposes. Clearly, the

Circuit Court was of the view that a teacher beset by illness may return to his or her former assignment as soon as health permits. We do not reject this premise. Thus, the practical difficulties in holding that an ongoing illness may create a vacancy should not be ignored. At some point, the interest in a clear, certain standard becomes paramount. Controlling boards have a legitimate interest in knowing, while making their initial staffing decisions, whether or not the Tenure Act mandates a recall. For example, a school district may initially employ a substitute, only to learn that the absence will probably last long enough to require a recall. Under *Weidman,* then, the district dutifully recalls a tenured teacher. If the on-staff teacher unexpectedly recovers his or her health shortly thereafter, the district must then make more staffing decisions, possibly lay-off decisions, and cope with probability that the educational process will be disrupted yet again. For this reason, we hold that an on-staff teacher's continuing, day-to-day absence does not create a vacancy for purposes of recall under the Act. To the extent that this holding conflicts with the holding and rationale of the Commission's decision in *Weidman,* *Weidman* is overruled.

In *Carpenter v Bd of Ed of the Lakeshore Public Schools,* Tenure Comm No. 83-79, the question was whether an on-staff teacher's six-week maternity leave of absence, from April 25, 1983, through the end of the school year, created a vacancy. The commission held that "positions temporarily open due to short-term leaves of absence where the incumbent has a right to return to the position are not vacancies for purposes of recall * * *".

Finally, in *Brown v Bd of Ed of Algonac Schools,* Tenure Comm No. 83-35, the commission found that a teacher's 12-week maternity leave of absence did not create a vacancy for purposes of recall.

We agree with the standard adopted by the circuit court in the instant case and by the com-

mission in the decisions discussed above. Where a position is temporarily open due to a teacher's illness, and where the teacher has a right to return to the position when health permits, no vacancy is created within MCL 38.105; MSA 15.2005.

In the present case the commission found that respondent and Vaughn intended and expected that Vaughn would return to her teaching duties when health permitted, at some undetermined time after April 1, 1981. Because Vaughn's absence was due to illness, she had a right to, and indeed, the respondent expected her to, return to her teaching assignment when she became physically able to do so. We therefore conclude that no vacancy existed. We limit our holding to cases where an on-staff teacher's continued absence is due to illness. Where, as in the instant case, the teacher has a right to return to her assignment when health permits, no vacancy exists under the statute. We express no opinion on whether a teacher who takes a formal leave of absence not related to illness has a right to return to the same teaching assignment which he or she left.

Affirmed.