633 A.2d 526

CATHERINE LAMMERS, PETITIONER–RESPONDENT,
v. BOARD OF EDUCATION OF THE BOROUGH OF
POINT PLEASANT, RESPONDENT.

Argued September 27, 1993—Decided December 8, 1993.

*Arlene Goldfus Lutz,* Deputy Attorney General, argued the cause for appellant, State Board of Education (*Fred DeVesa,* Acting Attorney General of New Jersey, attorney; *Mary C. Jacobson,* Senior Deputy Attorney General, of counsel).

*Stephen B. Hunter* argued the cause for respondent, Catherine Lammers (*Klausner, Hunter, Cige & Seid,* attorneys).

*Richard A. Friedman* argued the cause for *amicus curiae,* New Jersey Education Association (*Zazzali, Zazzali, Fagella & Nowak,* attorneys).

The opinion of the Court was delivered by

GARIBALDI, J.

The primary question presented in this appeal is whether a teacher's one-year maternity leave creates a vacancy for purposes of *N.J.S.A.* 18A:28–12. We hold that it does not, and therefore reverse the judgment of the Appellate Division and reinstate the decision of the State Board of Education.

## I.

The facts are undisputed. Plaintiff, Catherine Lammers, a tenured English teacher in the Point Pleasant Borough school system, lost her position as a result of a reduction in force (RIF). Pursuant to *N.J.S.A.* 18A:28–12, the Point Pleasant Borough Board of Education (local Board) placed Lammers on a preferred eligibility list for rehiring. Shortly thereafter, the local Board granted a one-year maternity leave of absence to another tenured English teacher, but did not hire Lammers to fill that position. Rather, the local Board hired a non-tenured teacher as a "long-term substitute" to fill that position. Lammers filed a petition of appeal with the Commissioner of Education, claiming that the local Board had violated *N.J.S.A.* 18A:28–12 when it did not rehire her.

The local Board contended that it had not violated Lammers' rights because the teacher's maternity leave had not created a vacancy within the meaning of *N.J.S.A.* 18A:28–12. After review-

ing cross motions for summary decisions, an Administrative Law Judge (ALJ) determined that the local Board had violated Lammers' tenure rights. The Commissioner of Education adopted the ALJ's decision. The local Board then appealed to the State Board of Education (State Board), which reversed the Commissioner's decision.

The State Board found that the local Board was not required to hire Lammers for the position because no vacancy existed. Lammers appealed to the Appellate Division, which reversed the State Board's decision. The State Board then filed a motion for reconsideration, which was granted. In a revised opinion, the Appellate Division again concluded that the one-year maternity leave had created a "temporary vacancy," which constituted a vacancy within the meaning of *N.J.S.A.* 18A:28–12. 260 *N.J.Super.* 390, 616 *A.*2d 1293 (1992).

We granted the State Board's petition for certification, 133 *N.J.* 438, 627 *A.*2d 1143 (1993), and now reverse the judgment of the Appellate Division.

## II.

■ We find that a one-year leave of absence does not create a vacancy or temporary vacancy under *N.J.S.A.* 18A:28–12. That section provides in pertinent part:

If any teaching staff member shall be dismissed as a result of [a RIF], such person shall be and remain upon a preferred eligible list in the order of seniority for reemployment *whenever a vacancy occurs* in a position for which such person shall be qualified and he shall be reemployed by the body causing dismissal, *if and when such vacancy occurs* * * *. (Emphasis added).

The Legislature's plain intent was that a RIFFED teacher's entitlement to a position arises only when a vacancy exists. The specific question we face now is whether a temporary one-year absence of a tenured teacher creates a vacancy. If it does not, then Ms. Lammers has no statutory entitlement to the position of the absent tenured teacher.

■ The interpretation of any statute necessarily begins with consideration of its plain language. The Legislature did not

provide a definition of "vacancy" in the statute nor indicate that the word was to be given any special meaning. The word "vacancy" is not a technical word or a term of art. Absent a legislative intent to the contrary, such language should be given its ordinary meaning. *E.g., Merin v. Maglaki,* 126 *N.J.* 430, 434–35, 599 *A.*2d 1256, 1258 (1992).

In *Sayreville Education Ass'n v. Board of Education,* 193 *N.J.Super.* 424, 474 *A.*2d 1091 (1984), the Appellate Division was called on to determine whether a local board of education could fill a teaching staff vacancy occurring after the start of the academic year by appointing a substitute teacher for the balance of the year pursuant to *N.J.S.A.* 18A:16–1.1. To resolve that issue the court had to distinguish between absences and vacancies. *N.J.S.A.* 18A:16–1.1 provides for the hiring of temporary employees "to act in place of any officer or employee during the *absence,* disability or disqualification of any such officer or employee." (Emphasis added).

The Appellate Division in *Sayreville* found that *N.J.S.A.* 18A:16–1.1 applied "when the services of a substitute teacher are required because of the temporary absence, *even if protracted,* of a regular teacher *whose return to duty is contemplated."* 193 *N.J.Super.* at 428, 474 *A.*2d at 1093 (emphasis added). The court also explained that the plain meaning of *N.J.S.A.* 18A:16–1.1

clearly implies a temporary arrangement. That is, the 'place' which is the intended subject of the statute is the place of another *which that other will reclaim when his period of absence is over.* * * * If that other employee has, however, *terminated his employment,* then the place which the appointee (substitute) *is filling is not the place of the other but rather a vacant place,* and the statute ordinarily does not apply.

[*Ibid.* (emphasis added).]

The implication drawn by the Appellate Division in *Sayreville* between a vacancy and an absence is unmistakable. An absence exists when the missing teacher is scheduled ultimately to return to the position. A vacancy exists when the teacher leaves the position permanently, as in the case of a resignation or a retirement:

The *Sayreville* court also found that *Driscoll v. Board of Education,* 165 *N.J.Super.* 241, 398 *A.*2d 97 (App.Div.), *aff'd o.b.* 79 *N.J.* 126, 398 *A.*2d 90 (1979), while "inapposite" because it involved a "temporarily available" teaching position filled by a substitute, "constitute[d] a persuasive demonstration of the reasons why a long-term substitute should not be deemed a teaching staff member." *Sayreville, supra,* 193 *N.J.Super.* at 433, 474 *A.*2d at 1096. The "temporary absence" in *Driscoll* to which the *Sayreville* court referred had been created when a tenured teacher took a one-and-one-half-year maternity leave.

The substitute teacher in *Driscoll* brought suit to compel the local board to employ her as a regular full-time teacher. The Appellate Division upheld the Board's decision. It found that the tenured teacher had not "abandoned" her position during the 1973–74 school year and that, indeed, "a unilateral determination [by the local board] that [the tenured teacher had] abandoned her position could have resulted in expensive litigation should [the tenured teacher] have sought to return during the balance of the school year." 165 *N.J.Super.* at 247, 398 *A.*2d at 100.

As noted in *Sayreville,* the "factual linchpin" of the *Driscoll* decision was that "the position in question was not vacant when the substitute teacher was appointed and did not actually become vacant until after the end of the academic year in question when its *incumbent* * * * *resigned." Sayreville, supra,* 193 *N.J.Super.* at 433, 474 *A.*2d at 1095 (emphasis added) (citing *Driscoll, supra,* 165 *N.J.Super.* at 246–47, 398 *A.*2d at 99–100).

Thus, the court found that a one-and-one-half-year maternity leave, even when the status of the tenured teacher on leave was in question, did not create a vacancy that would trigger the protections of *N.J.S.A.* 18A:28–12. Rather, the *Driscoll* court simply treated the leave as a protracted absence, and the fill-in teacher as a substitute.

The language and reasoning in *Sayreville* and *Driscoll* concerning vacancies stands in accord with well-established law. In

*Fiscella v. Nulton,* 22 *N.J.Super.* 367, 375, 92 *A.*2d 103, 107 (App.Div.1952), the Appellate Division resorted to the *Black's Law Dictionary* (4th ed.) definition of "vacancy" in the case of an election, defining it as an existing office without an incumbent. *See also Board of Educ. of Newark v. Civil Serv. Comm'n,* 98 *N.J.L.* 417, 422, 119 *A.* 875, 876 (Sup.Ct.1922) (stating that vacancy arises where there is no qualified incumbent who has right to exercise functions of office), *aff'd,* 99 *N.J.L.* 106, 122 *A.* 807 (E. & A. 1923). *Davis v. Davis,* 57 *N.J.L.* 80, 30 *A.* 184 (Sup.Ct.1894), also stands for the proposition that a vacancy exists where there is no legally qualified incumbent. *Id.* at 83, 30 *A.* at 185.

Other state courts interpreting similarly-worded education statutes have reached the same conclusion with regard to the meaning of vacancy. In *Brewer v. Board of Educ.,* 51 *N.Y.*2d 855, 433 *N.Y.S.*2d 1009, 414 *N.E.*2d 389 (1980), the local school board abolished the plaintiff-teacher's position and placed her on a preferred eligibility list. *Id.,* at 856, 433 *N.Y.S.*2d at 1010, 414 *N.E.*2d at 390. Pursuant to a statute similar to *N.J.S.A.* 18A:28–12, the plaintiff was entitled to reinstatement when a "vacancy" opened in a position similar to the one she had held previously. *Ibid.*

A teacher in the plaintiff's former department went on a one-year sabbatical leave. *Ibid.* The local board, however, did not offer the plaintiff the position. *Ibid.* The Court of Appeals concluded that the position was not "vacant" within the meaning of the statute. *Id.* at 858, 433 *N.Y.S.*2d at 1011, 414 *N.E.*2d at 391. It stated:

> The term 'vacancy' when used in this context connotes a position * * * for which there is no incumbent. Viewed in this light, it is evident that the term does not encompass a position that is temporarily open because the present incumbent has taken a short-term leave of absence. Indeed, it would be somewhat anomalous to treat a position as though it were 'vacant' when there exists an incumbent who has a clear right to reclaim the position upon return from his leave.

> [*Ibid.*]

The Michigan Court of Appeals also held that a teacher's absence for one-half of a school year because of illness did not

create a "vacancy" for purposes of the relevant school-law statute. *Weidman v. Brandon Bd. of Educ.*, 143 *Mich.App.* 207, 208, 371 *N.W.*2d 910, 911 (1985). Again, the relevant statute in *Weidman* was very similar to *N.J.S.A.* 18A:28–12. It stated that a tenured teacher who was subject to a "necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified." *Ibid.*

The Michigan court concluded that "[w]here a position is temporarily open due to a teacher's illness, and where the teacher has a right to return to the position when health permits, no vacancy is created" under the controlling school-law statute. *Id.* at 214, 371 *N.W.*2d at 913. In reaching this conclusion, the court found that "vacancy" is neither a technical word nor a term of art and, essentially, should be given its "plain and ordinary meaning." *Id.* at 211, 371 *N.W.*2d at 912. It emphasized that the word was traditionally employed when referring to a position that was no longer occupied by a qualified incumbent who had a right to return. *Ibid.* According to the court, while a position left open by a teacher on an extended sick leave may be unoccupied, it is not vacant because the teacher is still an incumbent who has a right to return to the position. *Ibid.*

Pennsylvania courts take a similar approach. In *Bitler v. Warrior Run School District*, 62 *Pa.Cmwlth.* 592, 437 *A.*2d 481 (1981), the plaintiff-teacher had been hired as a substitute for a tenured teacher who had gone on a one-year maternity leave. *Id.* at 593–94, 437 *A.*2d at 481–82. The court concluded that no vacancy existed. *Id.* at 596, 437 *A.*2d at 483. It found that the regular teacher did not abandon her position by taking a year-long maternity leave. *Ibid.* Consistent with the reasoning of the New York courts, the Pennsylvania court summarized its holding as follows: "Where, as here, a tenured teacher is employed to fill a position to which the regular teacher fully intends to return, there does not exist a bona fide vacancy and the tenured teacher temporarily filling the position is a substitute." *Ibid.* (citing

*Tyrone Area Educ. Ass'n v. Tyrone Area School Dist.,* 24 *Pa. Cmwlth.* 483, 356 *A.*2d 871 (1976)).

### III.

The above-cited cases establish that the word "vacancy" is commonly understood to mean an unoccupied position for which an incumbent does not intend to return, as contrasted with a leave of absence that "connotes continuity of the employment status." *Bowers v. American Bridge Co.,* 43 *N.J.Super.* 48, 57, 127 *A.*2d 580, 585 (App.Div.1956), *aff'd o.b.,* 24 *N.J.* 390, 132 *A.*2d 28 (1957).

The wording of *N.J.S.A.* 18A:28–12 is clear: a RIFFED teacher is entitled only to a "vacant" position. The Appellate Division viewed this case as creating a "temporary vacancy." We believe that this would create a new category, and establish an entitlement that the Legislature neither created nor intended, and that is not supported by the case law and the general policies underlying the Tenure Act.

■ We recognize that tenure laws are to be liberally construed. The benefits of tenure are numerous, and certainly one of the greatest is a tenured teacher's heightened protection from dismissal from a position. *See N.J.S.A.* 18A:28–5; *Spiewak v. Rutherford Bd. of Educ.,* 90 *N.J.* 63, 447 *A.*2d 140 (1982) (stating that purpose of statute is to prevent school boards from abusing their superior bargaining power over teachers in contract negotiations and to protect teachers from dismissal for unfounded, flimsy, or political reasons). Nonetheless, the liberal construction must be reasonable in light of the plain language of the controlling statutes. " 'Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the legislature intended something other than what it expressed by its plain language. This Court will not engage in conjecture or surmise which will circumvent the plain meaning of the [A]ct.' " *Spiewak, supra,* 90 *N.J.* at 74, 447 *A.*2d at 146 (quoting *In re Jamesburg High School Closing,* 83 *N.J.* 540, 548, 416 *A.*2d 896, 900 (1980)).

Tenure policies in New Jersey are a highly structured and monitored portion of the general education law, embodied in *N.J.S.A.* 18A:28–1 to –18. A tenured teacher may be removed from a position only if there is a RIF pursuant to *N.J.S.A.* 18A:28–9, or if inefficiency, incapacity, unbecoming conduct, or other just cause is proven by a district in a tenure hearing pursuant to *N.J.S.A.* 18A:28–5. A tenured teacher may also have a right to a leave of absence. Those rights to a leave and then to return after a leave may be statutory, as is sick leave under *N.J.S.A.* 18A:30–1 to –6, or leaves for other purposes. *See N.J.S.A.* 18A:30–7 and –8. The right to a leave and a return after the leave may also be a contractual right. In *South Orange–Maplewood Education Association v. Board of Education of South Orange and Maplewood,* the Appellate Division held that teachers had a right to sabbatical leave. 146 *N.J.Super.* 457, 462, 370 *A.*2d 47, 49 (1977); *see also Piscataway Township Bd. of Educ. v. Piscataway Maintenance & Custodial Ass'n,* 152 *N.J.Super.* 235, 243–44, 377 *A.*2d 938, 942–43 (App.Div.1977) (holding that sick leave and other leaves of absences that directly affect the terms and conditions of employment are subject of mandatory negotiations).

A tenured teacher who has been subject to a RIF is to be placed on the preferred eligibility list in order of seniority and to be offered a position in the event of a vacancy. The local board could have appointed Lammers or any other teacher on the preferred eligibility list to serve in the position of the teacher on the one-year maternity leave of absence pursuant to *N.J.S.A.* 18A:16–1.1. The local board, however, chose not to do so.

The tenured teacher on leave in this case intended to return to her position and did so. Thus, no vacancy in that position was created when that incumbent took a one-year leave of absence. Because that position was not vacant, Lammers was not entitled to it. The position remains that of the teacher on maternity leave. *Cf. Ward v. Keenan,* 3 *N.J.* 298, 310, 70 *A.*2d 77, 83 (1949) (holding that police officer on leave of absence does not lose his tenure during good behavior and is not deprived of his protection against

removal, reduction, suspension, or fine except for just cause on written complaint and after hearing).

As the State Board correctly points out, the Appellate Division decision creates an unfair choice for teachers.

Prior to the decision below, teachers seeking a leave of absence had, absent a reduction in force, an absolute right to return to their position. Now if they exercise their contractual or statutory right to a leave of absence for maternity, health, or family reasons, if they seek a sabbatical, or if they are called to military duty during a national crisis, they face the possible loss of their employment if they are replaced by a substitute who surpasses them in seniority before the teacher on leave returns to his or her position. *This decision turns tenure law on its head and upsets settled expectations of school boards and teachers as to RIF rights and the rights of teachers on leave.* (emphasis added).

To award plaintiff the remedy she wants, a new entitlement that the Legislature never intended would have to be created. However, to do so comes at the expense of the teacher who is on a leave of absence. A tenured teacher should be able to take a one-year maternity leave without facing the risk of forfeiting her position to a RIFFED teacher because the position was considered vacant during her absence.

■ The State Board of Education, as the agency delegated by the Legislature to administer the highly structured education statutes and tenure rights, deserves a high degree of deference to its interpretation of the statute. *Dennery v. Board of Educ.*, 131 *N.J.* 626, 637, 622 *A.*2d 858, 864 (1993). The plain meaning of the statute, the statutory scheme for tenure and leaves of absence, and well-established law all support the State Board's position. We find no reason to disturb the State Board's determination.

We therefore reverse the judgment of the Appellate Division and reinstate the decision of the State Board of Education.

*For reversal and reinstatement*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.