703 A.2d 1004

RICHARD M. GRANGER AND LISA A. GRANGER, PLAINTIFFS–RESPONDENTS, v. OHIO CASUALTY INSURANCE COMPANY, AAMCO AUTOMATIC TRANSMISSION, INC., T/A COLLEX COLLISION EXPERTS AND IVAN GINIGER, J/S/A, DEFENDANTS, AND LIBERTY MUTUAL GROUP, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1997—Decided December 30, 1997.

470

Before Judges BROCHIN, WEFING and BRAITHWAITE.

*Lewis K. Jackson* argued the cause for appellant (*Sue Ellen Johnson*, attorney; *Mr. Jackson*, on the brief).

*Franklin P. Solomon* argued the cause for respondents (*Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano*, attorneys; *Mr. Solomon*, on the brief).

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

■ This appeal requires us to determine whether plaintiff Richard Granger [1], an injured party who is covered under the underinsured motorist (UIM) endorsement of more than one policy, may collect UIM benefits exceeding an amount afforded by the policy with the highest UIM coverage, by combining or "stacking" the applicable coverages. *N.J.S.A.* 17:28–1.1c. The motion judge ruled that because one policy was deemed primary and the other excess, the anti-stacking language of *N.J.S.A.* 17:28–1.1c did not preclude plaintiff's recovery for his injuries by collecting from both policies up to their respective limits. We hold that the anti-stacking language of *N.J.S.A.* 17:28–1.1c precludes a party from collecting an amount greater than that afforded by the policy with the highest coverage, and therefore reverse.

The underlying facts of this case are not in dispute and are adequately set forth in our prior unreported opinion involving these same parties. *See Granger v. Ohio Casualty Ins. Co.*, A–2784–93 (App. Div. April 18, 1995). Suffice to say, plaintiff, who

---

[1] Plaintiff refers only to Richard M. Granger.

was driving an automobile owned by his employer, was injured when the automobile was struck in the rear by another vehicle (tortfeasor).

Plaintiff settled his claim with the tortfeasor, who carried $20,000 in liability coverage. Thereafter, plaintiff pursued UIM benefits from defendant Ohio Casualty Insurance Company (Ohio), which provided $500,000 in UIM coverage on plaintiff's employer's vehicle, and defendant Liberty Mutual Insurance Group (Liberty), plaintiff's personal automobile insurance carrier, which provided $100,000 in UIM coverage.

Arbitrators awarded plaintiff $600,000 in damages as a result of the accident. The arbitrators did not, however, determine which insurance policy was considered "primary" nor did they decide how the $600,000 in damages should be allocated between Ohio and Liberty.

Plaintiff commenced the present action on April 4, 1995, to address the allocation of his damages between the insurance companies. On May 24, 1995, plaintiff moved for partial summary judgment seeking an order

> declaring 1) that recovery is available to plaintiffs pursuant to the underinsured motorist coverage of both the Ohio Casualty and Liberty Mutual insurance policies, up to the liability limits of each of those policies, respectively and 2) that the Ohio Casualty policy affords "primary" coverage, while the Liberty Mutual policy provides "excess" coverage.

Liberty cross-moved for summary judgment arguing that because of the "other insurance" clause of its policy, the Ohio policy should be deemed primary and the Liberty policy excess. Further, Liberty asserted that "since the Ohio policy UIM limit exceeded that of the Liberty policy, the Complaint against Liberty for underinsured motorist benefits should be barred due to the anti-stacking provisions of *N.J.S.A.* 17:28–1.1c."

On the cross-motions for summary judgment the judge was presented with the issue of "whether the Liberty Mutual policy can be 'stacked' on top of the Ohio policy, providing plaintiff with $600,000 of under-insured motorist coverage." The judge held that allowing plaintiff to recover up to $500,000 from Ohio's UIM

policy which was deemed primary, and up to $100,000 from Liberty's UIM policy which was deemed excess, did not constitute stacking pursuant to *N.J.S.A.* 17:28–1.1c. Liberty now appeals.

Here, there is no dispute that the tortfeasor was underinsured. The tortfeasor's liability coverage was $20,000, which was "less than the UIM benefits 'held' by" plaintiff. *French v. New Jersey School Bd. Assn. Ins. Group,* 149 *N.J.* 478, 483, 694 *A.*2d 1008 (1997) (emphasis omitted). Further, plaintiff has "demonstrate[d] that his ... damages exceed the liability limits involved." *Ibid.*

It is well settled that a UIM claimant may pursue benefits under more than one policy. As our Supreme Court noted in *French, supra:*

> the insured is free to pursue UIM benefits under other policies under which he or she may be insured-whether under his or her personal policy, as the occupant of an employer's vehicle, the permissive occupant of a motor vehicle owned by any other insured person, or as the resident in the household of a relative possessing his or her own UIM insurance. Each of those UIM policies is opened up to the insured once the threshold test is met.
>
> [*Id.* at 495, 694 *A.*2d 1008.]

Liberty's obligation to plaintiff is based on the "other insurance" clause of its policy which provides as follows:

> If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance.*
>
> [(emphasis added).]

The parties do not disagree that under these circumstances Liberty's policy provides excess coverage. It is precisely because Liberty's policy provides excess coverage under these circumstances that plaintiff contends the anti-stacking language of *N.J.S.A.* 17:28–1.1c does not apply. He asserts that the statute only applies to primary coverages and not to separate coverages deemed primary and excess. We disagree. *N.J.S.A.* 17:28–1.1c provides as follows:

> Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance *nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured.* If

the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total limits.

[*Ibid.* (emphasis added).]

Although a claimant may pursue UIM benefits under multiple policies, we conclude that the anti-stacking provision precludes collecting an amount greater than that afforded by the policy with the highest coverage. We reach this result despite the language of the standard "other insurance" clause in the typical UIM endorsement.

■ The fact that the language of the standard "other insurance" clause results in the host vehicle's UIM coverage being primary to the injured UIM claimant and the injured claimant's personal policy being excess does not mean that the statute does not apply. To hold otherwise would be to render the anti-stacking provision meaningless in these circumstances.

Moreover, an injured claimant's personal policy provides primary UIM coverage until he or she is injured while riding in a vehicle he or she does not own. Then, his or her primary coverage, because of the language of the "other insurance" clause, is deemed excess coverage, while the coverage on the host vehicle is deemed primary. The designation of primary and excess under these circumstances is simply to establish the priority of payment between the two policies. It does not allow a claimant to collect benefits in excess of that afforded by the policy with the highest UIM coverage.

■ Furthermore, the language of the anti-stacking provision is consistent with our conclusion that plaintiff cannot recover UIM benefits that exceed the amount of the highest UIM coverage available to him. *See French, supra,* 149 *N.J.* at 495, 694 *A.*2d 1008. The statute specifically states that underinsured motorist coverage "shall not ... be increased by stacking the limits *of coverage* of multiple policies available to the insured." *N.J.S.A.* 17:28–1.1c (emphasis added). The provision makes no exception

for coverages that are designated as primary and excess so as to take such designations out of the statute's reach.

"Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the legislature intended something other than what it expressed by its plain language. This court will not engage in conjecture or surmise which will circumvent the plain meaning of the [A]ct." *Lammers v. Board. of Educ. of the Borough of Point Pleasant,* 134 *N.J.* 264, 272, 633 *A.*2d 526 (1993) (citations omitted) (alteration in original). Here the language of the statute is clear.

Moreover, "[t]he principle of UIM coverage is not to make the injured party whole, but to put that person in as good a position as if the tortfeasor possessed an amount of liability insurance equal to the UIM coverage of an 'insured' under the policy in question." *Calabrese v. Selective Ins. Co. of America,* 297 *N.J.Super.* 423, 431–32, 688 *A.*2d 606 (App.Div.1997) (citing *Bauter v. Hanover Ins. Co.,* 247 *N.J.Super.* 94, 96, 588 *A.*2d 870 (App.Div.), *certif. denied,* 126 *N.J.* 335, 598 *A.*2d 893 (1991)). Therefore, if the tortfeasor here had $500,000 of liability insurance, he would not be underinsured.

█ Plaintiff's receipt of $500,000 in UIM benefits from Ohio, less the amount paid by the tortfeasor, put him in the same position he would have been in had the tortfeasor not been underinsured. If he were allowed to collect benefits from Liberty, he would be in a better position than if the tortfeasor had not been underinsured, a circumstance that the anti-stacking language of *N.J.S.A.* 17:28–1.1c prevents. Therefore, plaintiff is not entitled to UIM benefits from Liberty.

Reversed.