960 A.2d 768 (2008)
404 N.J. Super. 87
Scott EVANS, Petitioner-Respondent,
v.
ATLANTIC CITY BOARD OF EDUCATION, Margate City Board of Education, Borough of Longport Board of Education, City of Brigantine Board of Education and Atlantic County Board of Education, Respondents-Respondents, and
Ventnor City Board of Education, Respondent-Appellant.
DOCKET NO. A-1939-07T3.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 2008.
Decided December 10, 2008.
*769 Joan H. Langer, Newark, argued the cause for appellant Ventnor City Board of Education (LeClairRyan, attorneys; Robert C. Neff, Jr., of counsel and on the brief).
Philip G. George, argued the cause for respondent Scott Evans (Eric M. Bernstein & Associates, attorneys; Eric Martin Bernstein, Warren and Mr. George, of counsel; Mr. George, on the brief).
Anne Milgram, Attorney General, for respondent State Board of Education (Joyce D. Atkins, Deputy Attorney General, on the brief).
Respondents Atlantic City Board of Education, Margate City Board of Education, Longport Board of Education, Brigantine Board of Education and Atlantic County Board of Education did not file briefs.
Before Judges CUFF, FISHER and BAXTER.
The opinion of the court was delivered by
FISHER, J.A.D.
N.J.S.A. 18A:38-8.1 enumerates those matters on which a sending-district representative is eligible to vote on a receiving district's board. We must enforce this statute literally because its unambiguous language, as illuminated by its legislative history, reveals an intent to permit voting only on enumerated matters. We thus affirm the agency decision, which held sending-district representatives ineligible to vote on the appointment of the receiving district's solicitor, because it is not expressly authorized by the statute.
The facts are not in dispute. The record reveals that Ventnor, Margate, Longport and Brigantine send their high school students to the Atlantic City district in exchange for tuition reimbursement. Pursuant to N.J.S.A. 18A:38-8.1, these sending *770 districts are entitled to have representatives on the receiving district's board of education. Some locales, including Atlantic City, permitted sending-district representatives to vote on various organizational matters, including the selection of board solicitor. In 2006, Scott Evans, a member of the Atlantic City board, objected to this voting practice, asserting that it violated N.J.S.A. 18A:38-8.1.
Evans filed a petition with the Department of Education, which referred the matter to the Office of Administrative Law. An administrative law judge determined that N.J.S.A. 18A:38-8.1 does not authorize a sending-district representative to participate in the receiving board's decision to appoint a solicitor. The Commissioner of Education agreed. Only Ventnor has appealed that final agency decision.
In reviewing a final agency decision, we must give deference to the findings of fact upon which it is based. Jackson v. Concord Co., 54 N.J. 113, 117-18, 253 A.2d 793 (1969). We must also give "some deference to [the agency's] `interpretation of statutes and regulations within its implementing and enforcing responsibility,'" Utley v. Board of Review, Dep't of Labor, 194 N.J. 534, 551, 946 A.2d 1039 (2008) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J.Super. 93, 102, 704 A.2d 562 (App.Div.1997)), but we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue," Utley, supra, 194 N.J. at 551, 946 A.2d 1039 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93, 312 A.2d 497 (1973)). Because the sole issue to be decided in this appeal is the purely legal question of whether a sending-district representative is authorized to vote on the appointment of the receiving district's solicitor, the Commissioner's decision regarding the scope of the statute is not entitled to any deference. In any event, we observe that the Commissioner's interpretation is consistent with our interpretation.
In ascertaining the proper scope of N.J.S.A. 18A:38-8.1, we must necessarily begin with an analysis of that statute's plain meaning. Brooks v. Odom, 150 N.J. 395, 401, 696 A.2d 619 (1997); Lammers v. Point Pleasant Bd. of Educ., 134 N.J. 264, 267, 633 A.2d 526 (1993).
N.J.S.A. 18A:38-8.1 declares that a sending-district representative, who otherwise meets the requirements of the statute,
shall be eligible to vote on the following matters before the receiving district board of education:
a. Tuition to be charged the sending district by the receiving district and the bill lists or contracts for the purchase, operation or maintenance of facilities, equipment and instructional materials to be used in the education of the pupils of the sending district;
b. New capital construction to be utilized by sending district pupils;
c. Appointment, transfer or removal of teaching staff members providing services to pupils of the sending district, including any teaching staff member who is a member of the receiving district's central administrative staff; and
d. Addition or deletion of curricular and extracurricular programs involving pupils of the sending district.
In considering the scope of this statute and in determining whether it incorporates the purported right of a sending-district representative to vote on the appointment of the receiving district's solicitor, we must construe the statute as written; we are "not at liberty to presume the legislature intended something other than what it expressed by its plain language." Lammers, *771 supra, 134 N.J. at 272, 633 A.2d 526. As a result, when a statute "is clear and unambiguous on its face and allows for only one interpretation, we should `delve no deeper than the act's literal terms.'" Lewis v. Bd. of Trs., Pub. Emp. Ret. Sys., 366 N.J.Super. 411, 415, 841 A.2d 483 (App.Div.) (quoting State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982)), certif. denied, 180 N.J. 357, 851 A.2d 650 (2004). Recognizing, however, that "words are inexact tools at best," it has been held that where the text of the statute is unclear or ambiguous, "resort may freely be had to the pertinent constitutional and legislative history for aid in ascertaining the true sense and meaning of the language used." Lloyd v. Vermeulen, 22 N.J. 200, 206, 125 A.2d 393 (1956). See also Gallenthin Realty Dev. Inc. v. Borough of Paulsboro, 191 N.J. 344, 359, 924 A.2d 447 (2007); Bd. of Chosen Freeholders v. State, 159 N.J. 565, 576, 732 A.2d 1053 (1999). Here, both the intrinsic evidence (the statute's wording and structure) and the extrinsic evidence (the statute's legislative history) demonstrate that the sending district's position is without merit.
The intrinsic evidence consists of "the internal structure of the statute and the conventional meanings of its words and phrases." Lewis, supra, 366 N.J.Super. at 416, 841 A.2d 483. In further understanding this evidence, we employ, when necessary, "time-honored guides to statutory interpretation" that often reveal the legislative intent. Ibid. These so-called canons of construction are not binding but are utilized as aids in our pursuit of a clear understanding of a statute. Elizabeth Bd. of Educ. v. N.J. Transit Corp., 342 N.J.Super. 262, 267, 776 A.2d 821 (App.Div.2001). Ultimately, ascertaining the intent of the statute "resides in the common sense of the situation." Reilly v. Ozzard, 33 N.J. 529, 539, 166 A.2d 360 (1960).
The plain language of N.J.S.A. 18A:38-8.1 reveals no doubt that the Legislature chose not to authorize a sending-district representative to vote on the selection of the receiving district's solicitor. Because the statute lists four areas on which a sending-district representative is eligible to vote, it is appropriate to consider the doctrine of "expressio unius est exclusio alterius," which suggests that the mentioning of one or more things excludes others. In examining the statute's particular wording, there is presented no reason to conclude that the listing of four areas in which a sending-district representative may vote was intended to be only illustrative, as Ventnor argues. The Legislature did not declare that a sending-district representative is authorized to vote on board matters "such as" or "including" the four itemized voting rights. Had the Legislature utilized that type of language, Ventnor's contention that there exist other voting rights similar to those mentioned might have been arguable. See Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 80, 122 S.Ct. 2045, 2049-50, 153 L.Ed.2d 82, 89-90 (2002) ("expressio unius est exclusio alterius" held inapplicable in interpreting a statute containing a list preceded by the phrase "may include"); Allstate Ins. Co. v. Malec, 104 N.J. 1, 7-8, 514 A.2d 832 (1986) ("expressio unius est exclusio alterius" held inapplicable in interpreting a statute containing a list preceded by the phrase "in any of the following ways"). Instead, the Legislature stated that a sending-district representative "shall be eligible to vote on the following matters" and then listed only four, none of which fairly encompasses the right urged here. The language chosen by the Legislature unmistakably precludes the inclusion of other matters not specifically mentioned. See Saunders v. Capital Health Sys. at Mercer, 398 N.J.Super. 500, 508, 942 A.2d 142 *772 (App.Div.2008) ("expressio unius est exclusio alterius" held applicable in interpreting a statute containing a list due to the absence of a preceding phrase such as "including but not limited to").
Ventnor persists that even though "[t]he plain language of the statute sets forth those areas where sending district members `shall' be allowed to vote," it does not "impliedly or explicitly exclude any other areas." We take this argument to suggest that even if the statute expresses a limitation on voting rights, a receiving district nevertheless possesses the discretion to allow voting in other areas. This argument is based on a clear misreading of the statute. N.J.S.A. 18A:38-8.1 does not delineate those areas where a sending-district representative "shall" vote; it delineates the only areas in which a sending-district representative "shall be eligible" to vote. To the extent receiving districts may have permitted in the past or may currently permit voting in areas not covered by N.J.S.A. 18A:38-8.1, they have acted beyond the parameters established by the Legislature. Receiving districts possess no discretion to broaden the voting rights enumerated in N.J.S.A. 18A:38-8.1.[1]
We are convinced that in this statute the Legislature intended to limit the voting eligibility of sending-district representatives to the four items expressed and that it did not grant sending districts the discretion to permit voting in other areas.
The available extrinsic evidence further demonstrates that the State Board of Education correctly understood the intrinsic evidence. Extrinsic evidence "may take various forms, including any reliable evidence of the legislative history of a statutory scheme." Lewis, supra, 366 N.J.Super. at 418, 841 A.2d 483 (citing Nat'l Waste Recyc., Inc. v. Middlesex County Improvement Auth., 150 N.J. 209, 224, 695 A.2d 1381 (1997)). The legislative history of N.J.S.A. 18A:38-8.1 reveals that the Legislature intended to limit the eligibility of sending-district representatives to those matters expressly stated.
In this regard, it is noteworthy that Governor Whitman vetoed Senate Bill No. 151, which would have authorized a sending-district representative to vote "on all matters before the receiving district board of education, except those matters pertaining exclusively to the grades of the receiving district in which no students from the sending district are enrolled, including, but *773 not limited, to matters of facilities, personnel and programs." In her veto message of October 20, 1994, Governor Whitman expressed concern that this language, if enacted, could provide "disproportionate representation to the sending district" and would permit such representatives to vote on matters that did not affect the sending district; as a result, Governor Whitman recommended a bill that "limited" the voting rights of sending-district representatives to four matters, i.e., those that appear in N.J.S.A. 18A:38-8.1.
Our courts have recognized that a governor's message in either signing a bill into law or returning it unsigned represents part of the legislative process. See State v. Sutton, 132 N.J. 471, 483, 625 A.2d 1132 (1993); McGlynn v. N.J. Pub. Broad. Auth., 88 N.J. 112, 159, 439 A.2d 54 (1981); Lewis, supra, 366 N.J.Super. at 418-19, 841 A.2d 483. Governor Whitman's insistence upon limiting voting rights, when she rejected the earlier legislation, provides considerable insight into the meaning of N.J.S.A. 18A:38-8.1, because the current statute was the legislative response to the veto. In short, the process that generated the current statute reveals an intent to limit the voting rights of sending-district representatives and further bolsters our view that the statute should be read literally.
We would also observe that, since the adoption of the current version of the statute, members of the Legislature have, on more than one occasion, introduced bills that would authorize broader voting eligibility. These proposed expansions, however, have not been adopted, and the statute has remained unchanged since 1996.[2] In adopting the existing version of N.J.S.A. 18A:38-8.1, the Legislature deleted from the statute's final version a phrase that would expand subsection (c) to permit a sending-district representative to vote not just on "teaching staff members" but on "teaching or professional administrative staff." The Legislature's resistance to expanding voting eligibility beyond the statute's clear contours strongly supports the argument that the Legislature meant to create, through its current version of the statute, only those voting rights literally mentioned in N.J.S.A. 18A:38-8.1. Although we recognize an obvious danger in placing too much weight on the significance of unsuccessful attempts to modify a statute as a means of understanding an existing statute, the subsequent failed legislative proposals further indicate the accuracy of a narrow interpretation of voting rights.
Because the wording and structure of N.J.S.A. 18A:38-8.1, as well as its legislative history, reveal the Legislature's intent to limit the voting eligibility of sending-district representatives to those matters expressly stated in the statute, we affirm the final agency decision under review.
Affirmed.
NOTES
[1] Ventnor also argues that a custom has developed that should now be enforced, relying upon certain agency decisions that appear to have recognized more expansive rights than enumerated in N.J.S.A. 18A:38-8.1. See, e.g., Bloomingdale Bd. of Educ. v. Butler Bd. of Educ., 2004 WL 1464887, 2004 Lexis 359 (N.J.Adm.) (finding sending-district representatives eligible to vote on procedural and organizational matters necessary to ensure the effective operation of the board); Little Ferry Bd. of Educ. v. Ridgefield Park Bd. of Educ., EDU 149-5/97 (July 24, 1997) (finding sending-district representatives eligible to vote in the election of board officers and other procedural matters attendant to the orderly conduct of board operations); Bd. of Educ., Borough of Lincoln Park v. Bd. of Educ., Town of Boonton, 97 N.J.A.R.2d (EDU) 592 (1997) (finding sending-district representatives may deliberate but not vote on many subjects not mentioned in the statute). We have also been referred to Callowhill v. Bd. of Educ., City of Atlantic City, 96 N.J.A.R.2d (EDU) 693 (1996) (finding sending-district representatives may offer input with respect to the hiring of a superintendent or school business administrator, but not board solicitor), which appears to support Evans's view. We reject Ventnor's argument that this alleged custom has relevance to our interpretation of the statute in this case. The scope of the statute cannot be expanded through a receiving district's past or present lax attitude toward the legislative mandate. We are not guided by past unauthorized practices but by the Legislature's literal mandate.
[2] For example, Senate Bill No. 1474, which was introduced to the 212th Legislature on March 2, 2006, would have amended N.J.S.A. 18A:38-8.1(c) to render sending-district representatives eligible to vote not only on the appointment, transfer or removal of those persons identified in the statute's current version but also "any other person providing administrative, business and business support services to the receiving district, including the school district solicitor or the school board attorney" (emphasis added). This bill was never enacted.